■ F.W. MYERS & COMPANY INC., Appellant, v GERALD INDUSTRIES, Respondent.—Weiss, J. P. Appeal from an order of the Supreme Court (Plumadore, J.), entered October 17, 1990 in Clinton County, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction.

On May 10, 1985, defendant signed a document which plaintiff characterizes as a credit extension agreement. The agreement provides that plaintiff is to perform services as a freight forwarder and customs house broker and extend credit to defendant while handling defendant's shipments of merchandise at a variety of ports and locations. The agreement contained on its face the legend "shipments handled pursuant to terms and conditions of service on reverse side of our invoice".

This action is to recover upon an unpaid invoice. The complaint alleges that all of plaintiff's invoices refer to the credit extension agreement and state that those who utilize plaintiff's services consent to jurisdiction in the Supreme Court, Clinton County. Defendant moved pursuant to CPLR 3211 to dismiss the complaint for lack of personal jurisdiction, contending that it is a Florida corporation not doing business in New York and has no offices, employees, bank accounts or assets in this State, nor is there a contract between the parties which establishes venue in this State. Defendant asserts that plaintiff was relying solely upon the invoice which defendant had not signed, nor had defendant knowingly consented to New York as the venue for litigation. Supreme Court granted the motion, holding that defendant could not be bound by the terms of invoices or consent to jurisdiction by means of documents it had not yet seen, and that the record lacked evidence of any other contact with New York.

On this appeal, plaintiff contends that the affidavit of Ernest Dossin, its vice-president of credit and collections, established that it had handled over 30 shipments for defendant, that defendant had paid each invoice submitted, and that all of its invoices contained the provision providing for consent to jurisdiction in New York. Plaintiff argues that all of the invoices were received and paid by defendant without objection, thereby forming a binding contract between the parties which incorporated the invoice terms.

We initially observe that while both parties discuss the invoices, neither one has placed a copy into this record. In addition, while defendant states that it has not signed the invoices, nothing in the record suggests that it had not seen the invoices or that it was unaware of the nature of the terms thereon during the parties' extended course of business using the invoice form. Here, the original agreement between the parties specifically referred to the invoice terms and conditions. Similar forum designation clauses have been upheld as valid even for a single transaction *(Carnival Cruise Lines v Shute,* 499 US —, 111 S Ct 1522). Other than the conclusory statement by its president that defendant did not knowingly consent to the venue of litigation with plaintiff in New York and that it did not sign the invoice, defendant has not addressed its extended business relationship with plaintiff in which the invoice was used throughout. Defendant has failed to sustain its burden to establish either the invalidity of the clause in the invoice or its nonapplicability to the subject action.

Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.