■ Anthony Carpinone, Respondent, v Shirley Zucker, Doing Business as Shirley Zucker's Greenfield Park Mobile Home Sales, Respondent, and Homette Corporation et al., Appellants. (Action No. 1.) Christopher Carpinone et al., Respondents, v Shirley Zucker, Doing Business as Shirley Zucker's Greenfield Park Mobile Home Sales, Respondent, and Homette Corporation et al., Appellants. (Action No. 2.) [659 NYS2d 922] —Mikoll, J. P. Appeals from two orders of the Supreme Court (Torraca, J.), entered March 15, 1996 in Sullivan County, which, *inter alia,* denied motions by defendants Homette Corporation and Skyline Corporation for summary judgment dismissing the first and third causes of action of the complaints.

In 1988 plaintiffs purchased two homes, factory built by defendant Skyline Corporation, from defendant Shirley Zucker, an alleged authorized dealer of Skyline products. The price included the cost of delivery to plaintiffs' premises, construc-

tion of piers and foundations, affixing the homes to the foundations and piers, and doing all work to make the homes habitable. In 1991, after experiencing a variety of problems, plaintiffs commenced these two actions against defendant Homette Corporation, the wholesaler, and Skyline (hereinafter collectively referred to as defendants) and Zucker, claiming, *inter alia*, (1) that defendants, by selling defective homes, breached both implied and express warranties of merchantability, (2) that defendants violated General Business Law § 777-a in the sale of the homes, and (3) defendants were negligent in the design and construction of the homes. Plaintiffs sought $18,000 damages in action No. 1 and $25,000 in action No. 2 for defendants' failure to properly construct and design the homes in question. Defendants answered raising defenses including contributory negligence, lack of personal jurisdiction and expiration of warranties.

The matter lingered for a few years. In 1994 a note of issue was filed. Defendants moved for summary judgment dismissing plaintiffs' complaints and an order dismissing Zucker's cross claims. Zucker cross-moved to amend her answer to set forth affirmative defenses and cross claims against defendants for indemnification and contribution. Supreme Court dismissed plaintiffs' second cause of action in each complaint, finding them to be based on General Business Law § 777-a which the court held applied only to sales of new homes entered into after March 1, 1989. The court denied the remainder of defendants' motions holding that issues of fact remained to be decided at trial; Zucker's cross motion was granted.

Defendants appeal Supreme Court's failure to dismiss plaintiffs' complaints in their entirety and also its grant of Zucker's motion to amend her answers to assert cross claims against defendants for indemnification and contribution.

Summary judgment should not be granted unless the moving party establishes its right to prevail as a matter of law (*Jehle v Hertz Corp.*, 174 AD2d 812, 813). Defendants have not established, as a matter of law, that they are exempt from liability. Plaintiffs submitted affidavits on the motions from plaintiffs and their counsel attesting to the fact that Zucker held herself out as defendants' authorized agent or dealer in that she provided plaintiffs with defendants' sales materials, she regularly communicated by phone with defendants in plaintiffs' presence over matters dealing with the homes and she engaged in activities which led them to logically conclude that she was defendants' authorized dealer or agent. Plaintiffs also averred that defendants' representatives answered their

complaints about defects in the homes by inspecting the properties and doing repairs thereon at no cost to plaintiffs on several occasions, thus contravening defendants' present contention of no privity.

We conclude that defendants have failed to prevail, as a matter of law, on their contention that there was no privity between plaintiffs and defendants and also in failing to overcome the implication that Zucker was defendants' agent in the sale and purchase of the two factory built homes. Zucker's actions were such that general authority to represent defendants could be inferred therefrom. The matter must be finally resolved by the trier of fact.

We conclude, however, that because plaintiffs were only alleging economic loss as a result of problems with their home, their negligence cause of action cannot stand (*see, Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 294). Supreme Court should have granted defendants' summary judgment motions with respect to plaintiffs' third cause of action in their respective complaints. Since this lawsuit deals solely with the failure of the homes to perform as expected, "plaintiffs may not maintain the traditional tort cause of action of negligence" (*McDowell v Atco Rubber Prods.*, 221 AD2d 876, 877, *appeal dismissed* 87 NY2d 966). As plaintiffs' lawsuits are based on a contract of sale, a negligence cause of action cannot be brought.

Defendants also urge that because plaintiffs' negligence claim was dismissed, Zucker's cross claims for contribution and indemnification also had to be dismissed. They contend that since no privity of contract existed between themselves and plaintiffs, they are absolved of all liability for any breach of express or implied warranties. While Zucker could have maintained a separate action against defendants to recover under the agreement relating to the purchase of the homes (*see, Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 295, *supra*), a cross claim for indemnification or contribution is not a proper vehicle to pursue such a claim (*see, Tempforce, Inc. v Municipal Hous. Auth.*, 222 AD2d 778, 779, *lv denied* 87 NY2d 811). Supreme Court thus should have granted defendants' motion to dismiss Zucker's cross claims for indemnification and contribution.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied defendants' motions to dismiss Shirley Zucker's cross claims for indemnification and contribution and to dismiss plaintiffs' third causes of action; motions granted to that extent and said claims dismissed; and, as so modified, affirmed.