■ B&R MANAGEMENT & LEASING CORPORATION, Respondent, v TRIARC RESTAURANT GROUP, ARBY's, INC., Appellant.

[703 NYS2d 635] —Order unanimously reversed on the law without costs, plaintiff's motion denied, injunction vacated, defendant's motion granted and complaint dismissed. Memorandum: Plaintiff operates restaurants in New York pursuant to franchise or license agreements between it and defendant, the Florida-headquartered franchiser. Contending that plaintiff had reneged on its promise to make contractually-fixed contributions on behalf of four of its franchises to an area advertising cooperative, defendant terminated those four franchises. Plaintiff commenced this action for breach of contract, demanding injunctive relief and monetary damages. Defendant appeals from an order granting plaintiff's motion for a preliminary injunction enjoining defendant from terminating plaintiff's franchises and denying defendant's motion to vacate the temporary restraining order and to dismiss the complaint.

Supreme Court erred in denying defendant's motion. The third and fourth causes of action, and so much of the fifth and sixth causes of action that relate to the Oneida and Canastota franchises, must be dismissed on the basis of the "Choice of Forum" provision of the license agreements. That provision requires plaintiff to "file any suit against Arby's [defendant] only in the federal or state court having jurisdiction where Arby's [defendant's] principal office is then located", thus precluding plaintiff's commencement of this action in New York. "It is the policy of the courts of this State to enforce contractual provisions for * * * selection of a forum for litigation" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 33). "[F]orum selection clauses are enforceable according to their terms" (*National Union Fire Ins. Co. v Worley*, 257 AD2d 228, 231). Here, plaintiff failed to sustain its burden (*see, Shah v Shah*, 215 AD2d 287, 288-289; *Myers & Co. v Gerald Indus.*, 178 AD2d 890, 891) of showing that the provision is the product of fraud or overreaching or is unreasonable or unfair, or that its enforcement would contravene some strong public policy of the forum (*see, National Union Fire Ins. Co. v Williams*, 223 AD2d 395, 398; *see also, Personius v Butters*, 249 AD2d 831, 832).

In any event, the allegations of the complaint are refuted by the language of the franchise and license agreements. Contrary to plaintiff's allegations, those agreements require plaintiff to spend at least 3% of its monthly gross sales for advertising and to contribute a designated portion of that sum to the advertising cooperative established in the local market encompassing its franchises. Further, the agreements allow plaintiff only 10 days, not 30, within which to cure any default in paying its advertising dues. In any event, defendant gave plaintiff 48 days within which to cure a default. Defendant sent its "Notice of Impending Termination" on April 18, 1997

and its "Notice of Termination" on June 5, 1997. Thus, the complaint must be dismissed for failure to state a cause of action (*see,* CPLR 3211 [a] [7]; *Gordon & Breach Science Publs. v New York Sys. Exch.,* 267 AD2d 52; *833 N. Corp. v Tashlik & Assocs.,* 256 AD2d 535, 537; *Muhitch v St. Gregory the Great R. C. Church & School,* 239 AD2d 901). The factual allegations in the complaint are refuted by documentary evidence (*see, Ullmann v Norma Kamali, Inc.,* 207 AD2d 691, 692; *Zigabarra v Falk,* 143 AD2d 901, 902; *Rosen v Vassar Coll.,* 135 AD2d 248, 250-251, *lv denied* 72 NY2d 805). In view of our determination, we need not address defendant's remaining contention on appeal. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Dismiss Pleading.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.