█ MU CHAPTER OF THE SIGMA PI FRATERNITY OF THE UNITED STATES, INC., Appellant, v NORTHEAST CONSTRUCTION SERVICES, INC., Respondent. (Action No. 1.) CNA INSURANCE COMPANIES, as Subrogee of the Sigma Pi Fraternity of the United States, Inc., Appellant, v NORTHEAST CONSTRUCTION SERVICES, INC., Respondent. (Action No. 2.) [709 NYS2d 677] —Crew III, J. Appeals (1) in action No. 1, from an order of the Supreme Court (Relihan, Jr., J.), entered February 16, 1999 in Tompkins County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint, and (2) in action No. 2, from an order of said court, entered February 5, 1999 in Tompkins County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Mu Chapter of the Sigma Pi Fraternity of the United States, Inc. (hereinafter Sigma Pi) contracted with defendant to perform renovations and improvements upon its fraternity house, including the construction of a four-story addition. On April 28, 1994, the day defendant commenced work on the project, a fire broke out which resulted in a total loss of the existing structure. Sigma Pi received payment of $670,000 from its insurance company, plaintiff CNA Insurance Companies, to cover the damages to the existing fraternity structure. Thereafter, Sigma Pi commenced action No. 1 to recover the uninsured losses sustained as the result of the fire,[1] which it claims was caused by defendant's negligent use of acetylene torches. Following joinder of issue and discovery, defendant moved for partial summary judgment dismissing certain portions of the complaint. Sigma Pi opposed the motion and cross-moved for summary judgment on the issue of defendant's liability. Supreme Court denied Sigma Pi's cross motion, granted defendant's motion and dismissed Sigma Pi's complaint in its entirety.

In the interim CNA, as subrogee of Sigma Pi, commenced action No. 2 to recover from defendant the $670,000 it paid to

1. Specifically, Sigma Pi sought to recover, *inter alia*, the cost of rebuilding the fraternity house (allegedly in excess of $1 million) and various consequential damages.

Sigma Pi for damages incurred as a result of the fire. Following joinder of issue and discovery, defendant moved for summary judgment on the ground that CNA's action was barred by Sigma Pi's waiver of the subrogation clause contained in its contract with defendant. CNA cross-moved for partial summary judgment striking and/or limiting defendant's fourth and fifth affirmative defenses relating to waiver of subrogation and its sixth affirmative defense relating to dismissal pursuant to CPLR 3211 (a) (4). Supreme Court, *inter alia*, granted defendant's motion and dismissed CNA's complaint. These appeals ensued.

At issue in both appeals are the terms of the insuring plan contained in the "General Conditions of the Contract for Construction" of the American Institute of Architects executed by Sigma Pi and defendant. With respect to action No. 1, article 11 of the General Conditions required Sigma Pi to purchase property insurance in the amount of the initial contract sum ($664,222) in order to protect the interests of, among others, defendant and any subcontractors in the work. In the event that Sigma Pi did not purchase the required insurance, defendant was to be notified of such election in writing in order that it might obtain such insurance and, by appropriate change order, charge Sigma Pi therefor. Finally, the General Conditions provided that in the event Sigma Pi both failed to purchase said insurance and failed to so notify defendant, Sigma Pi would bear all reasonable costs attributable to such failure. The record reflects that Sigma Pi neither purchased insurance in the contract amount nor notified defendant of its intention not to do so. Rather, Sigma Pi relied upon an existing policy insuring the extant fraternity house structure and contents for $645,000. Additionally, Sigma Pi purchased an "installation floater" in the amount of $200,000 to cover building materials in transit to or located on the site that had not yet become part of the realty.

Defendant contends, and Supreme Court found, that Sigma Pi, by relying upon its existing policy of insurance, did not satisfy the requirements of article 11 of the General Conditions and, as a consequence, is precluded from seeking damages against defendant by reason of such breach. We disagree. Section 11.3.1.2 of the General Conditions provides for the measure of damages for Sigma Pi's failure to purchase the required insurance, i.e., Sigma Pi must bear all reasonable costs attributable to such failure. In our view, the purpose of the insurance required by article 11 of the General Conditions is to insure the value of the work performed at the time of loss, as

well as any equipment and materials on site belonging to defendant and any of its subcontractors. Accordingly, Sigma Pi's breach of that portion of the contract does not preclude its claim for damages sustained by the alleged negligence of defendant but, rather, subjects it to liability for the value of defendant's work and defendant's loss of materials and equipment, which the record reflects is $6,573.33.

Defendant further contends that the waiver of rights provision contained in section 11.3.7 of the General Conditions shields defendant from personal liability in the event of loss. Assuming, arguendo, that such provision applies in the context of action No. 1, we disagree. Section 11.3.7 provides, in relevant part, that Sigma Pi and defendant waive all rights against each other for damages caused by fire "to the extent covered by property insurance". Although such waiver indeed is effective as to the moneys paid to Sigma Pi by CNA under the insurance policy covering the fraternity house (*see, infra*), Sigma Pi's claim for damages against defendant is for additional *uninsured* losses, which clearly have not been waived by section 11.3.7.

Finally, to the extent that Sigma Pi's complaint seeks consequential damages, as well as loss of use, we agree with defendant that such are precluded under the terms of the contract. Section 11.3.3 of said contract plainly provides that the "[o]wner waives all rights of action against the [c]ontractor for loss of use of the [o]wner's property, including consequential losses due to fire * * * however caused". We also are of the view that Sigma Pi's cross motion for summary judgment on the issue of liability must be denied as there plainly are factual issues to be determined as to the cause of the fire.

Regarding CNA's subrogation claim, we agree with Supreme Court, albeit for different reasons, that summary judgment must be granted in favor of defendant. Section 11.3.5 of the General Conditions provides that if the owner insures property adjoining or adjacent to the site under policies separate from those insuring the project, the owner waives all rights for damages caused by fire covered by such insurance in accordance with section 11.3.7 of the General Conditions. Section 11.3.7 provides, in pertinent part, that "[t]he [o]wner and [c]ontractor waive all rights against * * * each other * * * for damages caused by fire * * * to the extent covered by property insurance obtained pursuant to [section 11.3.1] or other property insurance applicable to the [w]ork * * * A waiver * * * shall be effective as to a person or entity * * * whether or not the person or entity had an insurable interest in the property dam-

aged." Clearly, the insurance previously purchased by Sigma Pi covering its existing structure constituted insurance covering property that was adjoining and adjacent to the work contracted for and was insurance separate and apart from the insurance required by section 11.3.1, which, as noted previously, Sigma Pi failed to obtain. As such, Sigma Pi waived any claims against defendant for damages caused by fire to the extent covered by that insurance and said waiver precludes CNA from seeking damages as a subrogee for the moneys that it paid under such policy.[2]

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order entered February 16, 1999 is modified, on the law, without costs, by reversing so much thereof as granted the motion to dismiss that portion of the complaint of plaintiff Mu Chapter of Sigma Pi Fraternity of the United States, Inc. seeking to recover damages for the cost of replacing the fraternity house in excess of the moneys previously paid by and received from plaintiff CNA Insurance Companies under an existing policy of insurance; motion denied to that extent; and, as so modified, affirmed. Ordered that the order entered February 5, 1999 is affirmed, without costs. [*See*, 179 Misc 2d 374.]

---

2. To the extent defendant relies upon *S.S.D.W. Co. v Brisk Waterproofing Co.* (76 NY2d 228) in urging a contrary result, we need note only that the Court of Appeals in *Brisk* was considering the effect of a waiver clause contained in the 1976 version of the American Institute of Architect's contract. Such clause has since been amended for the express purpose of overcoming the holding in *Brisk* (*supra*) (*see*, 2 Sweet, Sweet on Construction Industry Contracts § 22.24, at 312-313 [3d ed]). Finally, to the extent that our decision in *Northern Adirondack Cent. School Dist. v La Plante Co.* (229 AD2d 764) suggests, in dictum, a contrary result, we expressly decline to follow it.