In the Matter of the Arbitration between GOODNATURE PRODUCTS, INC., Appellant, and GUANGPING HUANG, Respondent. [751 NYS2d 925] —Appeal from an order and judgment (one document) of Supreme Court, Erie County (Notaro, J.), entered December 19, 2001, which denied the petition to vacate or modify the arbitrator's award and granted the cross petition to confirm the award.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied the petition to vacate or modify the arbitrator's award and granted the cross petition to confirm the award. We reject the contention of petitioner that the court erred in denying its petition without conducting a hearing. Petitioner failed to raise an issue of fact whether the arbitrator engaged in misconduct (*see generally Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.]*, 245 AD2d 911, 913) or whether any other grounds for vacating an award under CPLR 7511 (b) (1) were present. Petitioner contends for the first time on appeal that the award constituted a confiscation of its property in violation of its constitutional right to due process, and thus that contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). We further reject petitioner's contentions that the arbitrator exceeded her authority in interpreting the parties' marketing agreement (*see generally Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582) and in awarding damages that exceeded those requested in the demand for arbitration. The arbitrator "may do justice as [s]he

sees it, applying [her] own sense of law and equity to the facts as [s]he finds them to be and making an award reflecting the spirit rather than the letter of the agreement, even though the award exceeds the remedy requested by the parties" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308, *rearg denied* 62 NY2d 803; *see Integrated Sales v Maxell Corp. of Am.*, 94 AD2d 221, 224-225). "Merely because an arbitrator's award is not arrived at by precise mathematical computations does not make it punitive. Indeed, much of the laudatory value of arbitration lies in the arbitrator's power to construct a remedy best suited to the situation without regard to the restrictions on traditional relief in a court of law" (*Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 557). Further, petitioner fails to identify any public policy that the award may have violated. Finally, the record does not support petitioner's contention that the arbitrator was biased or had a conflict of interest (*see Matter of Civil Serv. Employees Assn. [Soper]*, 84 AD2d 927, 927-928, *affd* 56 NY2d 639; *see generally Matter of Stevens & Co. [Rytex Corp.]*, 34 NY2d 123, 128). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.