■ HODGSON, RUSS, ANDREWS, WOODS & GOODYEAR, LLP, Appellant-Respondent, v ISOLATEK INTERNATIONAL CORPORATION, Respondent, and MADER CONSTRUCTION CORPORATION et al., Respondents-Appellants. (Appeal No. 2.) [752 NYS2d 767] —Appeal and cross appeals having been taken from an order of Supreme Court, Erie County (Cosgrove, J.), entered June 29, 2001, which, inter alia, granted that part of the motion of defendant Isolatek International Corporation for summary judgment dismissing the complaint against it, and a motion by defendant Chopra-Lee, Inc. to disqualify plaintiff from serving as counsel on this appeal having been renewed at oral argument of said appeal and cross appeals,

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion of defendant Isolatek International Corporation seeking summary judgment dismissing the complaint against it and reinstating the complaint against it and as modified the order is affirmed without costs, and

It is further ordered that the motion of defendant Chopra-Lee, Inc. that was renewed at oral argument of this appeal to disqualify plaintiff from serving as counsel on the appeal be and the same hereby is denied.

Memorandum: Plaintiff, along with its insurance carrier, Vigilant Insurance Co. of the Chubb Group of Insurance

(Vigilant) on a subrogated basis, commenced this action against contractors, consultants, and a product manufacturer seeking damages arising from renovations to its office space leased from Manufacturers and Traders Trust Co. Plaintiff entered into a contract with defendant BRD, Inc. (BRD) to renovate the five floors leased by plaintiff, and BRD subcontracted the asbestos removal and replacement of fireproofing material to defendant Arric Corp. (Arric). Arric entered into a subcontract with defendant Mader Construction Corporation (Mader) pursuant to which Mader was to replace the asbestos on four of the floors with CAFCO 300, a spray-on fireproofing material manufactured by defendant Isolatek International Corporation (Isolatek). After mold and fungus were discovered on the CAFCO 300 fireproofing on two of the floors in June 1995, plaintiff hired defendant Acres International Corporation (Acres) as a consultant on eliminating the mold and fungus on the CAFCO 300. Acres hired defendant Chopra-Lee, Inc. (Chopra-Lee) to provide recommendations, and Chopra-Lee hired defendant Lyn Dyster, sued herein both individually and as a representative of defendant Biolyne, Inc. (Biolyne), to provide assistance. Remedial measures were taken to eliminate the mold and fungus, but they were again discovered on the CAFCO 300 in October 1995. After further consultation with experts, plaintiff decided to demolish the two floors that were contaminated with the mold and fungus, thereby removing the CAFCO 300 fireproofing, and to rebuild the two floors. Plaintiff submitted a claim in the amount of $7,423,823.73 to Vigilant, and Vigilant agreed to pay plaintiff $6,948,487.09.

Supreme Court erred in granting that part of the motion of Isolatek for summary judgment dismissing the complaint against it. In the complaint, plaintiff asserted causes of action sounding in negligence, strict products liability, and breach of implied warranties against Isolatek. We agree with plaintiff that the economic loss doctrine does not apply to this action. Pursuant to that doctrine, a plaintiff may not recover in tort against a manufacturer for economic loss that is contractually based, "whether due to injury to the product itself or consequential losses flowing therefrom" (*Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685, 693; *see Hemming v Certainteed Corp.*, 97 AD2d 976, *appeal dismissed* 61 NY2d 758). In determining whether the economic loss doctrine applies, a court should consider the nature of the defect, the injury, the manner in which the injury occurred, and the damages sought (*see Syracuse Cablesystems v Niagara Mohawk Power Corp.*, 173 AD2d 138, 142-143). CAFCO 300 is a fireproofing material, and the damages sought were not the

result of the failure of the product to perform its intended purpose of fireproofing. Rather, the damages resulted from the mold and fungus on the CAFCO 300 that contaminated the area and "caused substantial direct and consequential damages, allegedly due to a defective and unsafe product" (*Flex-O-Vit USA v Niagara Mohawk Power Corp.,* 292 AD2d 764, 767).

We further agree with plaintiff that a triable issue of fact exists whether it is in privity with Isolatek. In opposition to Isolatek's motion, plaintiff submitted evidence that Mader was a licensed applicator of CAFCO 300 for Isolatek, and that Mader was a sub-subcontractor of BRD, the general contractor hired by plaintiff to renovate its office space. That evidence raises a triable issue of fact whether Mader acted as an agent for both plaintiff and Isolatek and thus whether plaintiff is in privity with Isolatek (*see Carpinone v Zucker,* 241 AD2d 596, 597-598; *Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 319).

The court properly granted those parts of the motions of Mader and Acres, those parts of the cross motions of BRD, Arric, and Chopra-Lee, and that part of the cross motion of Dyster and Biolyne for summary judgment dismissing the complaint against them with respect to all subrogated claims, totaling $6,948,487.09. Under section 11.3.7 of the contract between plaintiff and BRD, plaintiff waived all rights against BRD and its subcontractors "for damages caused by fire or other perils to the extent covered by property insurance." It is undisputed that Vigilant paid plaintiff in accordance with an insurance policy covering the subject property. Vigilant, as subrogee of plaintiff, is thus precluded from recovering moneys it paid under the policy (*see Mu Ch. of Sigma Pi Fraternity of U.S. v Northeast Constr. Servs.,* 273 AD2d 579, 582, *lv denied* 95 NY2d 768). Plaintiff contends that the consultant defendants, i.e., Acres, Chopra-Lee, Dyster and Biolyne, were not subcontractors or sub-subcontractors of BRD and thus could not rely on the waiver of subrogation clause in the contract between plaintiff and BRD. The waiver of subrogation clause, however, included a waiver of rights against "separate contractors described in Article 6, if any, and any of their subcontractors." Under section 6.1.1 of the contract, plaintiff had the right "to award separate contracts in connection with other portions of the Project or other construction or operations on the site under Conditions of the Contract identical or substantially similar to these including those portions related to insurance and waiver of subrogation." The contract further provided that, if plaintiff performed construction or operations related to the project with its own forces, plaintiff would "be

deemed to be subject to the same obligations and to have the same rights which apply to the Contractor under the Conditions of the Contract, including, without excluding others, those stated in Article * * * 11." Plaintiff hired the consultant defendants in connection with "operations on the site," and thus those defendants may rely on the waiver of subrogation clause in the contract.

The court further properly denied those parts of the motions of Mader and Acres, those parts of the cross motions of BRD, Arric, and Chopra-Lee, and that part of the cross motion of Dyster and Biolyne for summary judgment dismissing the claim for uninsured losses. Contrary to the contention of those defendants, they did not meet their initial burden of establishing that plaintiff did not sustain any uninsured losses by submitting the deposition testimony of one of plaintiff's partners. That partner had no knowledge on the issue of plaintiff's uninsured losses. The court also properly denied that part of the cross motion of Arric for leave to amend its answer to assert General Obligations Law § 15-108 as an affirmative defense (see Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp. [appeal No. 1], 300 AD2d 1050).

While this appeal was pending, Chopra-Lee moved before this Court to disqualify plaintiff from serving as counsel on this appeal. We denied the motion with leave to renew at oral argument of the appeal. It is undisputed that Chopra-Lee is a client of plaintiff. Plaintiff has been represented by other law firms in this action, but has represented itself and Vigilant on this appeal. Under the Code of Professional Responsibility, "[a] law firm may not represent one client in litigation against another client" (Abbondanza v Siegel, 209 AD2d 1023, 1024; see Code of Professional Responsibility DR 5-105 [a], [b] [22 NYCRR 1200.24 (a), (b)]). Under the circumstances of this case, where plaintiff has limited its role to appellate counsel, arguing issues of law on a closed record, we deny Chopra-Lee's motion.

We modify the order, therefore, by denying that part of the motion of Isolatek seeking summary judgment dismissing the complaint against it and reinstating the complaint against Isolatek. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.