■ Triple R Farm Partnership, Respondent, v IBA, Inc., et al., Appellants. IBA, Inc., Third-Party Plaintiff-Respondent, v Webco Chemical Corp., Third-Party Defendant-Appellant. [801 NYS2d 666]—

Appeals from an order and judgment (one paper) of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered March 10, 2004. The order and judgment, upon a jury verdict in favor of plaintiff and against defendants, granted judgment to plaintiff in the amount of $187,980.08 and, upon a decision of the court, granted judgment in favor of defendant Jim Tobin, Inc. for common-law indemnification from defendant IBA, Inc. and third-party defendant and in favor of defendant IBA, Inc. for common-law indemnification from third-party defendant.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action against defendant IBA, Inc. (IBA), the wholesaler of a "teat dip" used by plaintiff to sanitize the udders of its dairy cows, and against defendant Jim Tobin, Inc. (Tobin), the retailer of the product. Plaintiff asserted causes of action for, inter alia, strict products liability, breach of contract, negligence, and breach of "express and/or implied" warranties, seeking damages for injury to the cows and a consequent loss of milk production and profits. The jury apportioned liability 5% to plaintiff and 95% to defendants. Supreme Court, in addition to granting judgment to plaintiff, granted judgment in favor of Tobin for common-law indemnification from IBA and third-party defendant, Webco Chemical Corp., the manufacturer of the product, and in favor of IBA for common-law indemnification from third-party defendant.

On these appeals by defendants and third-party defendant, we conclude that the court did not abuse its discretion in admitting certain expert testimony adduced by plaintiff (*see generally National Fuel Gas Supply Corp. v Goodremote*, 13 AD3d 1134, 1135 [2004]; *Woodhouse v Bombardier Motor Corp. of Am.*, 5 AD3d 1029, 1030 [2004]). In addition, we reject the contention of defendants and third-party defendant that plaintiff impermissibly recovered for purely economic loss associated with the nonperformance of the product. Instead, we conclude that plaintiff properly recovered for injury to property and consequential loss attributable to the product's defective and unsafe condition (*see Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1051, 1052-1053 [2002]; *Flex-O-Vit USA v Niagara Mohawk Power Corp.*, 292 AD2d 764, 767 [2002], *lv dismissed* 99 NY2d 532 [2002]; *see generally Bocre*

*Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.],* 84 NY2d 685, 688-693 [1995]).

We further reject the contention of defendants and third-party defendant that plaintiff's counsel on summation impermissibly appealed to the jury's sense of sympathy. Rather, plaintiff's counsel appropriately argued that the injury to the cows constituted probative, albeit circumstantial, evidence that the product did not perform as intended and thus was defective (*see generally Speller v Sears, Roebuck & Co.,* 100 NY2d 38, 41-44 [2003]; *Maciarello v Empire Comfort Sys.,* 16 AD3d 1009, 1011 [2005]).

Finally, contrary to the contention of defendants and third-party defendant, plaintiff presented legally sufficient evidence that the product was defective (*see generally Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Weigl v Quincy Specialties Co.,* 1 AD3d 132, 133 [2003]; *Doty v Navistar Intl. Transp. Corp.,* 219 AD2d 32, 37 [1996], *lv denied* 89 NY2d 802 [1996]; *George Larkin Trucking Co. v Lisbon Tire Mart,* 210 AD2d 899, 900 [1994]). It cannot be said that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Mirand v City of New York,* 84 NY2d 44, 48-49 [1994] [internal quotation marks omitted]; *see Doty,* 219 AD2d at 37). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.