AMERICAN MOTORISTS INSURANCE COMPANY, as Successor in Interest of Specialty National Insurance Company, as Subrogee of Niagara Falls City School District, Appellant, v LOUIS P. CIMINELLI CONSTRUCTION CO., INC., Also Known as LOUIS P. CIMINELLI CONSTRUCTION Co. INC., et al., Respondents, et al., Defendants. (Appeal No. 1.) [857 NYS2d 399]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 23, 2007. The order granted the motion of defendants Louis P. Ciminelli Construction Co., Inc., also known as Louis P. Ciminelli Construction Co. Inc., LPCiminelli Construction Corp., Louis P. Ciminelli Management Co., Inc., Ciminelli Holdings, Inc., Ciminelli Services Corp. and LPCiminelli Interests, Inc. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiff, as subrogee of Niagara Falls City School District (District), commenced this action seeking to recover sums it paid to the District for property damages pursuant to an insurance policy issued by plaintiff's predecessor. The District incurred the property damage when pipes in the fire sprinkler system at the District's high school froze and burst. We conclude with respect to appeal No. 1 that Supreme Court properly granted the motion of defendants Louis P. Ciminelli

Construction Co., Inc., also known as Louis P. Ciminelli Construction Co. Inc., LPCiminelli Construction Corp., Louis P. Ciminelli Management Co., Inc., Ciminelli Holdings, Inc., Ciminelli Services Corp. and LPCiminelli Interests, Inc. (collectively, Ciminelli) seeking summary judgment dismissing the complaint against them. In addition, we conclude with respect to appeal No. 2 that the court properly granted the motion of defendants-respondents (collectively, Davis-Ulmer) seeking summary judgment dismissing the complaint against them. Both Ciminelli, the general contractor for the construction of the high school, and Davis-Ulmer, a subcontractor for the fire sprinkler system, established that the waiver of subrogation provision in the general contract bars the instant action against them (*see generally Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.*, 106 AD2d 242, 245 [1985], *affd* 66 NY2d 779 [1985]; *Mu Ch. of Sigma Pi Fraternity of U.S. v Northeast Constr. Servs.*, 273 AD2d 579, 581-582 [2000], *lv denied* 95 NY2d 768 [2000]). We reject plaintiff's contention that the waiver of subrogation provision does not apply to postconstruction losses (*see Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1051, 1052-1053 [2002]). Further, we conclude that, "even if allegations of gross negligence [against Ciminelli and Davis-Ulmer] were sufficient to bar the operation of that provision, the conduct alleged does not rise to the level of gross negligence" (*Atlantic Mut. Ins. Co. v Soiefer Bros. Realty Corp.*, 281 AD2d 441 [2001]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.