■ Biotronik A.G., Appellant-Respondent, v Conor Medsystems Ireland, Ltd., et al., Respondents-Appellants. [945 NYS2d 258]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered November 21, 2011, dismissing the complaint, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered October 21, 2011, unanimously dismissed, without costs.

In May 2004, plaintiff and defendant Conor Medsystems

Ireland Limited entered into a distribution agreement under which Conor, a medical device manufacturer, agreed both to sell plaintiff a supply of coronary stents that Conor produced and to appoint plaintiff the stents' exclusive distributor for a defined territory. In relevant part, the agreement states that it is governed by New York law and limits liability for breach of contract by providing that "NEITHER PARTY IS LIABLE TO THE OTHER FOR ANY INDIRECT, SPECIAL, CONSEQUEN-TIAL, INCIDENTAL OR PUNITIVE DAMAGES WITH RE-SPECT TO ANY CLAIM ARISING OUT OF THE AGREE-MENT (INCLUDING WITHOUT LIMITATION ITS PERFORMANCE OR BREACH OF THIS AGREEMENT) FOR ANY REASON."

When defendants stopped manufacturing the stents and stopped selling them to plaintiff before the agreement expired, plaintiff commenced this action for, among other things, breach of contract. Plaintiff sought as damages the profits that plaintiff claimed it would have made from reselling the stents to third parties if defendants had continued to furnish them. Supreme Court denied defendants' motion for summary judgment, but held that the lost profits plaintiff sought were consequential damages and thus barred by the contract. Thereafter, judgment dismissing the complaint was entered on consent, with both plaintiff and defendants preserving their rights to appeal from the order.

The claim for lost resale profits was properly rejected because it is barred by the distribution agreement's limitation. Contrary to plaintiff's contention that its lost profits constitute general damages falling outside that limitation, a plaintiff suing to recover profits that it would have made by reselling the defendant's goods to third parties, as is the case here, is seeking consequential damages (*see* UCC 2-715 [2] [a]; *Tractebel Energy Mktg., Inc. v AEP Power Mktg., Inc.*, 487 F3d 89, 109-110 [2d Cir 2007]; *In re CCT Communications, Inc.*, 464 BR 97, 117 [SD NY 2011]; *Compania Embotelladora Del Pacifico, S.A. v Pepsi Cola Co.*, 650 F Supp 2d 314, 322 [SD NY 2009]). In *Compania Embotelladora Del Pacifico, S.A.*, the plaintiff sued for breach of a distribution agreement that granted it the exclusive right to sell the defendant's beverages in certain territories in Peru (650 F Supp 2d at 318). The plaintiff sought the lost profits from resales that resulted from the supplier's breach (*id.* at 322). The court found that the damages plaintiff sought were "properly characterized as consequential damages, because, as a result of [the] alleged breach, [the plaintiff] suffered lost profits on collateral business arrangements (i.e., sales of [the defendant's]

products to its customers throughout its exclusive territory)" (*id.*). As the court noted, "lost profits" only constitute general damages where the nonbreaching party seeks to recover money owed directly by the breaching party under the parties' contract (*see id.*).

Accordingly, plaintiff's claim is precluded by the distribution agreement's exclusion of consequential damages. Since the distribution agreement is a negotiated commercial agreement between sophisticated parties and the exclusion provision is clear and conspicuous, the limitation of liability is not unconscionable and is therefore enforceable (*see* UCC 2-719 [3]; *Suffolk Laundry Servs. v Redux Corp.*, 238 AD2d 577, 579 [1997]).

Plaintiff's argument that Conor's breach of the agreement constituted bad faith was improperly raised for the first time on appeal. Were we to consider the argument, we would reject it because, at most, the record supports a finding that Conor's breach was motivated by economic self-interest instead of a wilful intent to harm plaintiff. Those acts do not constitute the type of behavior that would nullify the damages exclusion (*see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438-439 [1994]). Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 33 Misc 3d 1219(A), 2011 NY Slip Op 51980(U).]**