# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**626**

**CA 12-02211**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

ELECTRICAL WASTE RECYCLING GROUP, LIMITED,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDELA TOOL & MACHINE, INC., FORMERLY KNOWN AS
ANDELA PRODUCTS, LTD., DEFENDANT-APPELLANT.

---

STEWART BERNSTIEL & REBAR, LLC, NEW YORK CITY (CATHLEEN K. REBAR OF
COUNSEL), FOR DEFENDANT-APPELLANT.

DINOVO PRICE ELLWANGER & HARDY LLP, AUSTIN, TEXAS (JAY D. ELLWANGER,
OF THE TEXAS AND CALIFORNIA BARS, ADMITTED PRO HAC VICE, OF COUNSEL),
AND FELT EVANS, LLP, CLINTON, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County
(Norman I. Siegel, A.J.), entered September 4, 2012. The order, among
other things, denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant's motion in part
and dismissing the seventh cause of action and as modified the order
is affirmed without costs.

Memorandum: City Electrical Factors/Matrix-Direct-Recycle (MDR),
which was plaintiff's predecessor in interest, entered into two
separate contracts with defendant. Pursuant to the first contract,
defendant was to supply MDR with an "Electronic-CRT Recycling System."
Pursuant to the second contract, defendant was to supply MDR with a
"Fluorescent Tube Recycling System." Each contract contained
identical limitation of liability provisions, which provided in
pertinent part that defendant would "not be responsible for any
indirect, special, incidental or consequential loss or damage
whatsoever (including lost profits and opportunity costs) arising out
of any purchase order or responding document issued as a result of
this proposal."

After both systems allegedly failed, plaintiff commenced this
action, asserting causes of action for, inter alia, breach of
contract, strict products liability, negligence and a violation of
General Business Law § 349. Defendant moved for summary judgment
dismissing the first amended complaint, and Supreme Court denied the
motion in its entirety. We conclude that, with the exception of the
section 349 cause of action, the court properly denied the motion.

As a preliminary matter, we reject plaintiff's contention that defendant failed to meet its initial burden on the motion because it submitted an affidavit from an attorney lacking personal knowledge. Although defendant's attorney "did not assert any personal knowledge of the facts, his affirmation, to which were annexed [numerous] exhibits, satisfied the statutory requirements because it served as a vehicle for the submission of documentary evidence" (*State of New York v Grecco*, 43 AD3d 397, 399-400; *see Branch Servs., Inc. v Cooper*, 102 AD3d 645, 648; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325).

We likewise reject defendant's contention that it was entitled to summary judgment dismissing those causes of action predicated on recovery of indirect, special, incidental or consequential loss or damages on the ground that the limited liability clauses preclude such recovery. Although defendant established as a matter of law that the clauses are neither unconscionable nor wholly void or unenforceable (*see Biotronik A.G. v Conor Medsystems Ireland, Ltd.*, 95 AD3d 724, 725-726; *Noble Thread Corp. v Vormittag Assoc.*, 305 AD2d 386, 387), we conclude that defendant, as the movant, failed to meet its burden of establishing "by competent evidence that there is no factual issue barring the grant of summary judgment in its favor" based on the limited liability clauses (*Banc of Am. Sec. LLC v Solow Bldg. II, L.L.C.*, 47 AD3d 239, 245; *see Corinno Civetta Constr. Corp. v New York*, 67 NY2d 297, 318-319; *see generally Sommer v Federal Signal Corp.*, 79 NY2d 540, 553-554). Thus, the burden never shifted to plaintiff to raise a triable issue of fact (*see generally Alvarez*, 68 NY2d at 324).

Contrary to defendant's further contention, the economic loss doctrine does not preclude plaintiff from recovering in tort as a matter of law. "Pursuant to that doctrine, a plaintiff may not recover in tort against a manufacturer for economic loss that is contractually based, 'whether due to injury to the product itself or consequential losses flowing therefrom' " (*Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp.*, 300 AD2d 1051, 1052, quoting *Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685, 693). Where, however, there is harm to persons or property other than the property that is the subject of the contract, a plaintiff is entitled to recover in tort (*see Adirondack Combustion Tech., Inc. v Unicontrol, Inc.*, 17 AD3d 825, 826-827; *Hodgson, Russ, Andrews, Woods & Goodyear*, 300 AD2d at 1052-1053; *Village of Groton v Tokheim Corp.*, 202 AD2d 728, 728-729, *lv denied* 84 NY2d 801; *Syracuse Cablesystems v Niagara Mohawk Power Corp.*, 173 AD2d 138, 140-143). The factors to consider are "the nature of the defect, the injury, the manner in which the injury occurred, and the damages sought" (*Hodgson, Russ, Andrews, Woods & Goodyear*, 300 AD2d at 1052; *see Syracuse Cablesystems*, 173 AD2d at 142-143). We conclude that defendant failed to meet its initial burden on the motion with respect to the causes of action sounding in tort because the evidence submitted by defendant establishes that the mercury contamination of plaintiff's facility, which was allegedly caused by defendant's products, caused damage to persons and property other than the property that was the subject of

the contracts.

Finally, we agree with defendant that the court erred in denying the motion insofar as it sought summary judgment dismissing the seventh cause of action, alleging a violation of General Business Law § 349.  We therefore modify the order accordingly.  "A plaintiff under section 349 must prove three elements:  first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (*Stutman v Chemical Bank*, 95 NY2d 24, 29; *see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-26).  Defendant, as the movant, met its initial burden by establishing, as a matter of law, that its conduct was not consumer-oriented.  The statute does not apply herein, inasmuch as the issues raised "essentially [concern] . . . 'private' contract dispute[s] . . . unique to these parties, not conduct which affects the consuming public at large" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321; *see Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 25; *Cooper v New York Cent. Mut. Fire Ins. Co.*, 72 AD3d 1556, 1557-1558).

Entered:  June 28, 2013                          Frances E. Cafarell
                                                 Clerk of the Court