Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 2, 2016. The order, among other things, denied the motion of defendant insofar as it sought summary judgment dismissing the third amended complaint.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of defendant’s motion with respect to the third and fourth causes of action and the fifth cause of action insofar as it asserts claims prior to September 7, 2007 and dismissing those causes of action to that extent, and as modified the order is affirmed without costs.
 

 Memorandum: Plaintiff commenced this action to recover damages it allegedly sustained when defendant improperly performed hydraulic fracturing (fracking) operations on 97 natural gas wells owned by plaintiff between 2005 and 2007. In the third amended complaint (complaint), plaintiff asserted causes of action for breach of contract, subordination payments, promissory estoppel, unjust enrichment, and negligence. After issue was joined, defendant moved for, inter alia, summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on the issue of defendant’s liability with respect to the causes of action for breach of contract and negligence. In the alternative, plaintiff sought an order finding certain facts undisputed pursuant to CPLR 3212 (g). As relevant to the issues presented on appeal, Supreme Court denied defendant’s motion insofar as defendant sought summary judgment dismissing the complaint in its entirety. The court also denied plaintiff’s cross motion with respect to the causes of action for breach of contract and negligence. The court, however, granted in part the alternative relief sought by plaintiff by determining that certain facts were not in dispute.
 

 Defendant contends that it is entitled to summary judgment dismissing the complaint because “field invoices,” which were provided to plaintiff’s representatives at the work site, limited defendant’s liability. We reject that contention. Although the field invoices contain various terms and conditions limiting defendant’s liability, it is undisputed that defendant did not provide the field invoices to plaintiff until after defendant completed its work on a particular well, and thus the postper-formance terms and conditions relied upon by defendant never became part of the parties’ contract (see Lorbrook Corp. v G & T Indus., 162 AD2d 69, 73 [3d Dept 1990]; see also G.W. White & Son v Gosier, 219 AD2d 866, 867 [4th Dept 1995]; Tuck Indus. v Reichhold Chems., 151 AD2d 566, 567 [2d Dept 1989]; cf. F.W. Myers & Co. v Gerald Indus., 178 AD2d 890, 891 [3d Dept 1991]). It is also undisputed that plaintiff never remitted payment based upon the field invoices. Rather, plaintiff paid defendant based upon separate invoices that were mailed to plaintiff’s office, and those mailed invoices reflected the agreed-upon discounted price that often differed from the price quoted on the field invoices, and did not contain the relevant terms and conditions. We therefore conclude, contrary to defendant’s related contention, that plaintiff did not accept or ratify the terms and conditions contained in the field invoices (cf. Maklihon Mfg. Corp. v Air-City, Inc., 224 AD2d 187, 187-188 [1st Dept 1996]; F.W. Myers & Co., 178 AD2d at 891).
 

 We reject defendant’s further contention that plaintiff’s negligence cause of action is barred by the economic loss doctrine. The damages sought by plaintiff “were not the result of the failure of [defendant’s fracking operations] to perform [their] intended purpose” (Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp., 300 AD2d 1051, 1052-1053 [4th Dept 2002]). Rather, the allegedly negligent fracking operations caused damage to the wells themselves, thus rendering the economic loss doctrine inapplicable (see id.; see also Triple R Farm Partnership v IBA, Inc., 21 AD3d 1260, 1261 [4th Dept 2005]; Flex-O-Vit USA v Niagara Mohawk Power Corp., 292 AD2d 764, 766 [4th Dept 2002], lv dismissed 99 NY2d 532 [2002]). We agree with defendant, however, that the court erred in denying that part of the motion seeking summary judgment dismissing the negligence cause of action insofar as it asserts claims with respect to any of plaintiff’s wells fracked prior to September 7, 2007, and we therefore modify the order accordingly. Those claims are time-barred. Plaintiff did not commence the instant action until September 7, 2010, and the applicable statute of limitations for defendant’s cause of action is three years (see CPLR 214 [4]; 5 Awnings Plus, Inc. v Moses Ins. Group, Inc., 108 AD3d 1198, 1199 [4th Dept 2013]).
 

 We also agree with defendant that the court erred in denying those parts of the motion seeking summary judgment dismissing the causes of action for promissory estoppel and unjust enrichment inasmuch as a valid and enforceable contract exists between the parties (see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]; Hoeg Corp. v Peebles Corp., 153 AD3d 607, 610 [2d Dept 2017]; cf. Denhaese v Buffalo Spine Surgery, PLLC, 144 AD3d 1519, 1519-1520 [4th Dept 2016]), and we therefore further modify the order accordingly.
 

 With respect to plaintiffs purported claim for negligent misrepresentation, defendant’s contention that plaintiff cannot establish the requisite special relationship between the parties is raised for the first time on appeal and is thus not properly before us (see Kimmell v Schaefer, 89 NY2d 257, 263-264 [1996]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, there are issues of fact concerning the existence of such a special relationship. Finally, we reject defendant’s contention that the court erred in granting in part the alternative relief sought by plaintiff in its cross motion (see CPLR 3212 [g]).
 

 Present—Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.