Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 21, 2016. The order denied the motion of third-party defendant to dismiss the third-party complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action to recover damages it allegedly sustained when defendant-third-party plaintiff (third-party plaintiff) improperly performed hydraulic fracturing (fracking) operations on 97 natural gas wells owned by plaintiff between 2005 and 2007, and third-party plaintiff commenced this third-party action seeking indemnification and contribution. Supreme Court properly denied third-party defendant’s motion to dismiss the third-party complaint.
 

 On a prior appeal, this Court rejected the contention of third-party plaintiff that plaintiff’s negligence cause of action was barred by the economic loss doctrine, and we determined that the “field invoices” containing various terms and conditions limiting third-party plaintiff’s liability never became part of the contract between plaintiff and third-party plaintiff (U.S. Energy Dev. Corp. v Superior Well Servs., Inc., 155 AD3d 1553, 1554 [4th Dept 2017]). We therefore reject the present contentions of third-party defendant that the economic loss doctrine bars third-party plaintiff from seeking indemnification and contribution in the third-party action, and that the forum selection clause contained in the field invoices is enforceable (see id.).
 

 We reject third-party defendant’s further contention that the court erred in failing to dismiss third-party plaintiff’s indemnification claims for failure to state a cause of action. “[T]o establish a claim for common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of [the alleged wrong]” (Grove v Cornell Univ., 151 AD3d 1813, 1816 [4th Dept 2017] [internal quotation marks omitted]; see generally Bigelow v General Elec. Co., 120 AD3d 938, 939-940 [4th Dept 2014]).
 

 Here, plaintiff alleged in the third amended complaint that third-party plaintiff jointly designed, developed, and modified the SAS systems and fracturing fluid used during the fracking operations, and that those systems were defectively designed, improperly manufactured, and improperly used. Third-party plaintiff acknowledged in the third-party complaint that the products were jointly invented and developed, but alleged that third-party defendant was responsible for their production. Third-party plaintiff alleged that it was therefore entitled to seek indemnification and/or contribution in the event that plaintiff recovers for negligent production of the products. We conclude that the third-party complaint alleges sufficient facts that, if true, may entitle third-party plaintiff to indemnification from third-party defendant based upon its alleged negligence in manufacturing the products used in the fracking operations (see Spring Sheet Metal & Roofing Co. v Koppers Indus., 273 AD2d 789, 790 [4th Dept 2000]; Syracuse Cablesystems v Niagara Mohawk Power Corp., 173 AD2d 138, 143 [4th Dept 1991]).
 

 Present—Peradotto, J.P., Carni, DeJo-seph, Curran and Winslow, JJ.