Ahmad v Icon Legacy Custom Modular Homes, LLC (2019 NY Slip Op 01697)





Ahmad v Icon Legacy Custom Modular Homes, LLC


2019 NY Slip Op 01697


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526748

[*1]BILAL AHMAD, Respondent,
v
ICON LEGACY CUSTOM MODULAR HOMES, LLC, Appellant, et al., Defendants.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Goldberg Segalla LLP, Buffalo (William H. Baaki of counsel), for appellant.
Thomas F. Garner, Middleburgh, for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from that part of an order of the Supreme Court (Burns, J.), entered August 8, 2017 in Otsego County, which denied a motion by defendant Icon Legacy Custom Modular Homes, LLC for summary judgment dismissing the complaint against it and on its cross claims.
In 2009, plaintiff contacted defendant Norman Johannesen, a building contractor, doing business as defendant Hyde Park Construction (hereinafter HPC), to discuss options for the construction of a new residence on certain real property that he owned in the Town of Oneonta, Otsego County. Johannesen recommended that plaintiff obtain a quote for the project from defendant Icon Legacy Custom Modular Homes, LLC (hereinafter defendant), a manufacturer of custom modular units, and, thereafter, Johannesen contacted an outside sales representative for defendant with whom he had a longstanding business relationship. In October 2010, following numerous meetings between defendant's sales representative, plaintiff and Johannesen, two written agreements were executed memorializing the business arrangement between the parties — (1) a purchase order agreement signed by both plaintiff and Johannesen approving the purchase of an approximately 5,000 square-foot, two-story, custom modular home from defendant, and (2) a Conditions, Covenants and Terms agreement between defendant, Johannesen and plaintiff.
In November 2010, defendant delivered the modular home to plaintiff's property, in 10 distinct modular sections or "boxes," to a landing located just below the subject building site. A separate "setup crew" subsequently used a bulldozer to pull the modular sections up to the building site where they were then set upon a foundation that had been previously installed by Bernard O'Neill. The remaining exterior and interior finishes on the home were subsequently completed over the ensuing months and plaintiff thereafter moved into the home in July 2011. In 2012, plaintiff began to observe numerous defects with the home, including, among other things, cracked and bowing sheetrock, cracked tiles and caulking, inoperable windows and doors, [*2]displaced exterior siding, and gaps in the modular sections. Plaintiff notified defendant of the subject defects, but no remedial action was subsequently forthcoming.
Thereafter, in June 2014, plaintiff commenced this action, alleging nine separate causes of actions, including among others, breach of contract, nonconforming tender, breach of warranty, negligence and unjust enrichment. As relevant here, defendant answered and asserted cross claims against Johannesen, HPC and O'Neill seeking indemnification and/or contribution, to which cross claims Johannesen and HPC replied. Defendant thereafter moved for summary judgment dismissing the complaint against it and on its cross claims against Johannesen and HPC. Plaintiff and Johannesen opposed defendant's motion [FN1]. Supreme Court, among other things, denied defendant's motion, and defendant appeals.
Defendant contends that Supreme Court erred by not granting its motion for summary judgment dismissing all claims against it as the alleged defects in plaintiff's modular home were not discovered and reported within one year of delivery as required by the express warranty limitation included in defendant's Conditions, Covenants and Terms agreement, which plaintiff and Johanessen allegedly signed in October 2010. As the proponent of the motion for summary judgment, defendant had the burden of establishing its prima facie entitlement to summary judgment dismissing the complaint by submitting "evidentiary proof in admissible form" demonstrating that plaintiff and/or Johannesen were subject to the warranty limitation set forth in the relevant Conditions, Covenants and Terms agreement and, thereafter, failed to discover and report the subject defects to defendant within one year from the date of delivery as provided for therein (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In support of its motion, defendant did not attach a complete copy of the October 2010 Conditions, Covenants and Terms agreement between defendant, Johannesen and plaintiff, submitting instead only the signature page thereof. Rather, defendant attached a 2013 agreement involving another customer and asserts that the warranty limitations set forth in the 2013 agreement are identical to the warranty limitations it claims were set forth in the parties' 2010 agreement that defendant does not produce. Other than defendant's conclusory assertion, therefore, there is nothing in the record demonstrating that plaintiff and Johannesen were actually made aware of and/or expressly agreed to the operative terms of the limited warranty purportedly contained in the October 2010 agreement. Nor was there sufficient secondary evidence presented demonstrating that the 2013 agreement accurately reflects the terms of the limited warranty that was purportedly agreed to in 2010 (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644-645 [1994]), particularly as the 2013 agreement that defendant relies upon specifically indicates that it was revised in November 2013. Accordingly, given the centrality of the subject agreement to the resolution of the instant dispute, we find that defendant's failure to submit the original 2010 agreement was insufficient to establish its prima facie entitlement to summary judgment dismissing the claims against it based upon a failure to make a timely warranty claim (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d at 644-645; Posson v Przestrzelski, 111 AD3d 1235, 1236 [2013]).
Further, given the disputed deposition testimony with regard to the relationship between the parties and the authority with which Johannesen and plaintiff entered into both the 2010 Conditions, Covenants and Terms agreement and the purchase order agreement with defendant, a triable issue of fact also exists with respect to whether defendant and plaintiff were in contractual privity (see Carpinone v Zucker, 241 AD2d 596, 598 [1997]). This same question of fact precludes dismissal of the unjust enrichment claim at this juncture because, in the event that it is determined that a contract does not exist and therefore a breach of contract claim does not lie, a quasi contract claim would not be duplicative (compare Corsello v Verizon N.Y., Inc., 18 NY3d [*3]777, 790-791 [2012]; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 788 [2016]). Supreme Court, however, should have dismissed plaintiff's sixth cause of action for negligence as it is based upon the same alleged conduct as the breach of contract claim and plaintiff failed to allege a legal duty independent of the underlying contract (see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 168 AD3d 1162, 1164 [2019]; Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1158, 1157-1159 [2018]).
Lastly, Supreme Court also properly denied defendant summary judgment on its cross claim for contractual indemnification against Johannesen and HPC because, as previously noted, it failed to submit a copy of the October 2010 agreement that it claims contains said provision. Moreover, the deposition testimony of Johannesen and defendant's outside sales representative indicates that, contrary to defendant's customary protocol, defendant designed the subject home and negotiated the sale price exclusively with plaintiff, not Johannesen. It is unclear from the record, therefore, that Johannesen signed the 2010 agreement with any understanding that he was agreeing to indemnify defendant from all potential subsequent claims made by plaintiff. Accordingly, a triable issue of fact exists with respect to defendant's contractual indemnification cross claim against Johannesen and HPC that precludes summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Rockefeller v Albany Welding Supply Co., 3 AD3d 753, 756-757 [2004]). Based on our holding, defendant's remaining claims have been rendered academic or have otherwise been reviewed and found to be without merit.
Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied a motion by defendant Icon Legacy Custom Modular Homes, LLC for summary judgment dismissing the sixth cause of action against it; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: O'Neill subsequently died while the subject motion was pending and, thereafter, defendant Maureen O'Neill, as the appointed representative of his estate, was substituted as a defendant. Maureen O'Neill thereafter moved for summary judgment dismissing the complaint against the estate as well as dismissal of defendant's cross claim against the estate. Supreme Court denied this motion.