■ DOMINIC ABBONDANZA et al., Respondents, v LOUIS SIEGEL et al., Appellants. (Action No. 1.) DOMINIC ABBONDANZA et al., Respondents, v UPJOHN COMPANY, Appellant, et al., Defendants. (Action No. 2.) [619 NYS2d 896] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: These consolidated actions seek damages for personal injuries allegedly sustained by plaintiff husband as a result of his ingestion of the prescription medications Halcion and Xanax. Defendants include the three treating/prescribing physicians, Drs. Siegel, Weiss, and Cohen, and the manufacturer, Upjohn. Those defendants appeal from an order that, *inter alia,* denied their cross motions for an order disqualifying the law firm of Davidson, Fink, Cook & Gates from representing plaintiffs in these actions. Defendants contend that the firm should be disqualified as a result of the prejudice and appearance of impropriety that arise from the firm's concurrent or successive representation of plaintiffs and one of the defendants, Dr. Siegel.

We conclude that the firm must be disqualified. The record establishes not only that the firm has represented Siegel on a variety of personal and business matters over a 25-year period, but also that the firm had an ongoing attorney-client relationship with Siegel while it was representing plaintiffs in their action against him. During the relevant time period, Siegel sought the firm's advice concerning two legal matters,

and an attorney in the firm met with and advised Siegel. Further, the firm was annually updating the books of a corporate client wholly owned by Siegel, and was storing Siegel's will in the firm's vault. Additionally, Siegel's will named a partner in the firm as contingent executor of Siegel's estate. That fact, by itself, establishes an ongoing fiduciary relationship between the firm and Siegel *(cf., Carro, Spanbock, Kaster & Cuiffo v Rinzler,* 1992 WL 196758, 9 [SD NY, Aug. 6, 1992, Lowe, J.]). With respect to that relationship, there is no difference between legal and nonlegal services rendered by an attorney, and it does not make any difference that the transaction could have been handled by a lay person *(see, NCK Org. v Bregman,* 542 F2d 128; *Cord v Smith,* 338 F2d 516, 524; *Canadian Gulf Lines v Triton Intl. Carriers,* 434 F Supp 691, 694, n 2). For the purposes of evaluating whether a conflict exists, all services rendered by an attorney for a client are characterized as legal services *(see, Cord v Smith, supra).* A law firm may not represent one client in litigation against another client *(see, Cinema 5 v Cinerama, Inc.,* 528 F2d 1384, 1386; *Greene v Greene,* 47 NY2d 447, 451; Code of Professional Responsibility DR 5-105 [A], [B] [22 NYCRR 1200.24 (a), (b)]; EC 5-1, 5-14, 5-15 ["(a) lawyer should never represent in litigation multiple clients with differing interests"]).

Even if we were to conclude that Siegel is not a current client of the firm, this case nevertheless presents circumstances in which the firm must be disqualified from representing plaintiffs against Siegel. As a result of its long-time representation of Siegel, it is "reasonable to infer that [the firm] gained some information about [the] former client of some value to [the] present client" *(Silver Chrysler Plymouth v Chrysler Motors Corp.,* 370 F Supp 581, 589, *affd* 518 F2d 751; *see, Matter of Hof,* 102 AD2d 591, 594), and that the firm is in a position to exploit such information to the disadvantage of either client *(see,* Code of Professional Responsibility DR 4-101 [A], [B] [22 NYCRR 1200.19 (a), (b)]; DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]). Consequently, disqualification is necessary to avoid the potential for prejudice and the appearance of impropriety *(see, Matter of Hof, supra,* at 594-595; *Colonie Hill v Duffy,* 86 AD2d 645, 646; *see also, T.C. Theatre Corp. v Warner Bros. Pictures,* 113 F Supp 265, 268-269, *rearg denied* 125 F Supp 233). (Appeals from Order of Supreme Court, Monroe County, Galloway, J.—Disqualify Law Firm.) Present —Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.