■ CREDIT INDEX, L.L.C., Respondent, v RISKWISE INTERNATIONAL L.L.C. et al., Appellants. [744 NYS2d 326] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about April 12, 2002, which, in an action for breach of contract, insofar as appealed from, granted plaintiff's motion to disqualify the law firm representing defendants, unanimously affirmed, with costs.

The law firm representing defendants was properly disqualified upon a record showing that plaintiff's majority shareholder was a current client of the firm when the firm first appeared in the action, and that the shareholder is personally involved in the litigation even though he is not a named party (Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]). In the latter regard, we note the letters that defendants wrote to the shareholder, after the firm's appearance on their behalf, suggesting that claims might be brought directly against him. In addition, the action is substantially related to at least one matter on which the firm represented the shareholder in the past, namely, the drafting of an operating agreement for plaintiff's predecessor. Such relationship also warrants the firm's disqualification (Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]), regardless of whether the past representation gave it access to confidential information potentially adverse to plaintiff in this action (*see, Forest Park Assoc. Ltd. Partnership v Kraus,* 175 AD2d 60, 62). We have considered defendants' other arguments, including that plaintiff unduly delayed in moving for disqualification, and find them unavailing. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.