**JELICA TATALOVIC,** Respondent, v **NIGHTLIFE ENTERPRISES, L.P., et al.,** Appellants, et al., Defendant. [891 NYS2d 279]—

Rule 3.7 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that "[a] lawyer may not act as advocate before a tribunal in a matter if: (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." Here, plaintiff sufficiently established that a member of the subject firm would be a witness and provide testimony that "may be prejudicial to the client," inasmuch as defendants claim that the note in question is invalid and a forgery, and the member is the person who prepared the note in question, who would most likely have knowledge regarding its execution, and who is claimed to have delivered it to plaintiff. The member also represented defendant Nightlife in the transaction that resulted in the promissory note, as well as in negotiating a subsequent agreement regarding the note with the person whom defendants claim was its rightful owner (*see e.g. Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 74-76 [2002]; *compare Broadwhite Assoc. v Truong*, 237 AD2d 162 [1997]). Furthermore, any delay in bringing this motion was minimal, given that discovery is ongoing, and defendants have claimed no prejudice (*cf. Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 153-154 [1994], *affd* 87 NY2d 826 [1995]).

We have considered defendants' remaining contentions, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31800(U).]**