■ WARSHAW BURSTEIN COHEN SCHLESINGER & KUH, LLP, Respondent, v ERIC A. LONGMIRE, Appellant. [920 NYS2d 23]—

Plaintiff law firm demonstrated that defendant's counsel played a vital role in the final settlement negotiations flowing from a settlement offer that plaintiff had allegedly previously procured and that defendant client later accepted, that the negotiations were an important part of the underlying dispute, that defendant's counsel was likely to be a key witness at trial, and that his proposed testimony would be adverse to his client's interests (*see Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 75-76 [2002]; *Martinez v Suozzi*, 186 AD2d 378 [1992]).

While plaintiff improperly submitted the affirmation, rather than affidavit, of a partner (*see* CPLR 2106), under the circum-

stances, "this defect was merely a technical procedural irregularity which did not prejudice the defendant" (see *Board of Mgrs. of Ocean Terrace Towne House Condominium v Lent*, 148 AD2d 408, 409 [1989], *lv denied* 75 NY2d 702 [1989]; see CPLR 2001). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.