■ CARMELA CAVALIERE, Individually and as Officers and Shareholders on Behalf of PLAZA APARTMENTS, INC., Plaintiffs, v PLAZA APARTMENTS, INC., et al., Defendants. (Action No. 1.) PHYLLIS DITOMASSO, as Administratrix C.T.A. of the Estates of RUTH TRIPODO and Another, Deceased, et al., Appellants-Respondents, v PLAZA APARTMENTS, INC., et al., Respondents-Appellants. (Action No. 2.) [922 NYS2d 531]—

In two related actions, inter alia, to rescind the sale of certain shares in Plaza Apartments, Inc., which were transferred to the Surrogate's Court, Westchester County, by order of the Supreme Court, Westchester County, entered November 7, 2008, and joined for trial, the plaintiffs in action No. 2 appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated March 30, 2010, as denied their motion for summary judgment on the complaint, and the defendants in action No. 2 cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

Pursuant to a stock purchase agreement dated October 5, 1999, Aldo Mazzarati, purportedly acting as the attorney-in-fact for his sister, Ruth Tripodo, agreed to sell her one-third interest in an apartment complex known as Plaza Apartments, Inc., to attorney Michael Avallone for the sum of $75,000, plus the right to receive certain income derived from the property. After Tripodo died on November 19, 1999, Mazzarati, who was the sole residual beneficiary of her estate, and Vilma Bergane, who was the executor of Tripodo's estate, executed certain documents that completed the transfer of Tripodo's shares to Michael Avallone.

In the second of these two related actions which were joined for trial, the current administrator of both Tripodo's and Mazzarati's estates (hereinafter together the plaintiffs) seeks, inter alia, to rescind the sale on the ground that Michael Avallone and his father, attorney Mario Avallone (hereinafter together the Avallones), had an ongoing attorney-client relationship with Tripodo, Mazzarati, and/or Bergane, and that the Avallones breached their fiduciary duty to these clients by failing to inform them that there was an inherent conflict of interest in the sale of Tripodo's shares to Michael Avallone and that they should consult an independent attorney to represent them in this business transaction.

The relationship between an attorney and his or her client is a fiduciary one, and the attorney cannot take advantage of his or her superior knowledge and position (*see Greene v Greene,* 56 NY2d 86, 92 [1982]). "[A]n attorney who seeks to avail himself of a contract made with his client, is bound to establish affirmatively that it was made by the client with full knowledge of all the material circumstances known to the attorney, and was in every respect free from fraud on his part, or misconception on the part of the client, and that a reasonable use was made by the attorney of the confidence reposed in him. Under this rule it is not necessary for the client to show that the agreement was obtained by fraud or undue influence on the part of the attorney although, of course, that would make the agreement unenforceable if it were proven. Even in the absence of such misconduct the agreement may be invalid if it appears that the attorney got the better of the bargain, unless he can show that the client was fully aware of the consequences and that there was no exploitation of the client's confidence in the attorney" (*id.* at 92 [internal quotation marks and citations omitted]). In order to establish the breach of a fiduciary duty, the plaintiff must prove: (1) the existence of a fiduciary relationship; (2) misconduct by the defendant; and (3) damages that were directly caused by the defendant's misconduct (*see Fitzpatrick House III, LLC v Neighborhood Youth & Family Servs.,* 55 AD3d 664 [2008]; *Ozelkan v Tyree Bros. Envtl. Servs., Inc.,* 29 AD3d 877 [2006]).

Contrary to the contention of the defendants in action No. 2, the Avallones owed a fiduciary duty to the plaintiffs in that action and their decedents despite the fact that they were not retained to represent them in the specific transaction that led to that action (*see Terio v Spodek,* 63 AD3d 719 [2009]; *Credit Index v RiskWise Intl.,* 192 Misc 2d 755 [2002], *affd* 296 AD2d 318 [2002]; *Abbondanza v Siegel,* 209 AD2d 1023 [1994]). The

record demonstrates that the Avallones had an ongoing attorney-client relationship with Tripodo and Mazzarati since the mid-1990s, during which time they drafted several wills for them and represented them in other transactions. The record also demonstrates that the Avallones had an attorney-client relationship with Bergane, in her capacity as the executor of Tripodo's estate, by virtue of, inter alia, the fact that they each received a check in the amount of $93,587.50 for the legal services they rendered in connection with the estate.

The Surrogate's Court properly determined, however, that neither the plaintiffs nor the defendants in action No. 2 established their prima facie entitlement to judgment as a matter of law regarding whether the Avallones breached their fiduciary duties to their clients and, if so, whether their clients sustained any damages as a result of the breach (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The record also reveals a question of fact regarding whether Mazzarati and Bergane ratified the sale of Tripodo's shares to Michael Avallone by their subsequent actions, including, inter alia, the execution of documents that completed the transfer of the shares, and Mazzarati's acceptance of $212,500 in income from the property during the period between November 1999 and April 2002 (see *Pollitz v Wabash R.R. Co.*, 207 NY 113, 129 [1912]; *Matter of Levy*, 69 AD3d 630, 632 [2010]).

The parties' remaining contentions are without merit.

Accordingly, the Surrogate's Court properly denied the motion of the plaintiffs in action No. 2 for summary judgment on the complaint and the motion of the defendants in action No. 2 for summary judgment dismissing the complaint. Covello, J.P., Hall, Lott and Cohen, JJ., concur.