■ In the Matter of SHAYA BRAVER, Respondent, v TZVI ELIMELECH SILBERMAN, Also Known as HERMAN SILBERMAN,

Individually and Acting for YESHIVA SHEARITH HAPLETA and Others, Appellant. [936 NYS2d 211]—

In August 2000, the petitioner began residing in an apartment located on Wallabout Street in Brooklyn (hereinafter the Wallabout Property). At that time, the building was owned by Yeshiva Shearith Hapleta (hereinafter Hapleta). While residing in the apartment, the petitioner received a rental subsidy through the federal Section 8 housing assistance payment program (*see* 42 USC § 1437f [hereinafter Section 8 program]), which was administered at the local level by the New York City Housing Authority. On November 28, 2005, the petitioner and Tzi Elimelech Silberman, also known as Herman Silberman (hereinafter the appellant), individually, and on behalf of Hapleta and Beth Chana (the developers), apparently as an officer of those entities, entered into an agreement with the petitioner to arbitrate a dispute regarding the ownership of the subject apartment before a rabbinical court. The petitioner claimed that he had purchased the apartment, while the appellant maintained that the petitioner was a tenant of the apartment, not an owner. Approximately 10 months before the arbitration agreement was signed, however, the Wallabout Property had been transferred to nonparty Yeshiva Beis Leivy, Inc. (hereinafter Leivy).

On December 18, 2008, the rabbinical court issued its award,

finding that the petitioner had purchased the apartment. The rabbinical court awarded possession of the apartment to the petitioner's successor in interest, and awarded to the petitioner, inter alia, "[a]ll the monies that were received by the [appellant] as rent, from whatever sources." Thereafter, the petitioner commenced this proceeding to confirm the arbitration award, and the appellant moved, among other things, to vacate the award. In an order dated January 7, 2010, insofar as relevant to this appeal, the Supreme Court, in effect, denied that branch of the appellant's motion which was to vacate the award. We reverse that order insofar as appealed from.

"An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]; *see Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453 [2003]).

Here, the rabbinical court exceeded its authority in awarding an ownership interest in the Wallabout Property, which is owned by nonparty Leivy, to the petitioner's successor in interest. Leivy was not a party to the arbitration agreement, and there is no evidence that Leivy agreed to be bound by the rabbinical court's determination (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]; *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]), or that Leivy was an "alter ego" of the appellant (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d at 339).

The arbitration award also violates public policy. The petitioner failed to comply with certain rules specified in 24 CFR 982.551, which sets forth the requirements for eligibility in the Section 8 program, including the requirement that the recipient not own or have any interest in the apartment for which the subsidy is issued (*see* 24 CFR 982.551 [j]). The portion of the award returning to the petitioner Section 8 program funds paid on his behalf violates public policy since the petitioner claims to own the apartment while receiving those funds. Thus, the award rewards the petitioner for perpetrating a fraud in connection with the Section 8 program in violation of 24 CFR 982.551 (k).

Accordingly, that branch of the appellant's motion which was to vacate the arbitration award should have been granted.

The appeal from so much of the order dated October 8, 2010, as denied that branch of the defendant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Barany v Barany*, 71 AD3d 613

[2010]). The appeal from so much of the order dated October 8, 2010, as denied that branch of the defendant's motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order dated January 7, 2010.

In light of our determination, we need not reach the appellant's remaining contentions. Skelos, J.P., Hall, Lott and Roman, JJ., concur.