■ CYNTHIA DEGROOF, Respondent, v THOMAS H. MILHORAT, M.D., et al., Appellants. [942 NYS2d 896]—

In an action, inter alia, to recover damages for fraud and medical malpractice, the defendants Thomas H. Milhorat, Paolo A. Bolognese, John Xi Chen, L. Thierry Remy, Misao Nishikawa, Sol N. Mora, Rohit B. Verma, North Shore-Long Island Jewish Health System, Inc., Chiari Institute, and Harvey Cushing Institutes of Neuroscience appeal, and the defendant Chanland Roonprapunt separately appeals, as limited by their respective briefs, from (1) so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered November 9, 2010, as denied their respective motions pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleged fraud, insofar as asserted against each of them, and (2) so much of an order of the same court dated May 9, 2011, as denied their respective motions for leave to renew and reargue their respective motions pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action insofar as asserted against each of them.

Ordered that the appeal from the order dated May 9, 2011, is dismissed; and it is further,

Ordered that the order entered November 9, 2010, is reversed, on the law, and the appellants' respective motions pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action insofar as asserted against each of them are granted; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The appeal from so much of the order dated May 9, 2011, as denied those branches of the defendants' respective motions which were for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (*see Matter of Braver v Silberman*, 90 AD3d 654 [2011]). The appeal from so much of the order dated May 9, 2011, as denied those branches of the defendants' respective motions which were for leave to renew must be dismissed as academic in light of our determination on the appeal from the order entered November 9, 2010.

The plaintiff commenced this action asserting causes of action to recover damages for, inter alia, medical malpractice, lack of informed consent, and fraud. The gravamen of the cause of action alleging fraud is that the plaintiff was induced to undergo unnecessary spinal cord detethering surgery based on the defendants' knowingly false representations. Due to this alleged fraudulent conduct, the plaintiff claimed that she sustained serious physical, emotional, and financial injuries.

The Supreme Court erred in denying the defendants' respective motions pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which alleged fraud, insofar as asserted against each of them since the injuries arising from the alleged fraud are no different from those resulting from the alleged lack of informed consent and malpractice (see Simcuski v Saeli, 44 NY2d 442 [1978]; McNamara v Droesch, 49 AD3d 511 [2008]; Karlin v IVF Am., 239 AD2d 560 [1997], mod on other grounds 93 NY2d 282 [1999]; Luciano v Levine, 232 AD2d 378 [1996]; Spinosa v Weinstein, 168 AD2d 32 [1991]).

In light of our determination, the remaining contention of the defendant Chanland Roonprapunt has been rendered academic. Skelos, J.P., Dickerson, Leventhal and Cohen, JJ., concur.