■ LAW OFFICES OF NEAL D. FRISHBERG et al., Appellants, v JOHN TOMAN et al., Defendants, and JOHN ZIOBRO et al., Respondents. [963 NYS2d 142]—

In an action, inter alia, to recover certain unpaid legal fees, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Bartlett, J.), dated March 22, 2011, which granted the motion of the defendants John Ziobro and Stage Nathans & Ziobro, LLP, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against those defendants, and (2) an order of the same court dated June 9, 2011, which denied their motion for leave to renew and reargue their opposition to the motion of the defendants John Ziobro and Stage Nathans & Ziobro, LLP, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against those defendants. Justice Cohen has been substituted for former Justice Belen (*see* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated June 9, 2011, is dismissed; and it is further,

Ordered that the order dated March 22, 2011, is reversed, on the law, and the matter is remitted to the Supreme Court, Orange County for a determination, on the merits, of the motion of the defendants John Ziobro and Stage Nathans & Ziobro, LLP, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Although the defendants John Ziobro and Stage Nathans & Ziobro, LLP (hereinafter together the Ziobro defendants), moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7), the Supreme Court did not address the merits relating thereto. Instead, the Supreme Court granted that motion on the ground that the plaintiffs' opposition to the motion was "insufficient as a matter of law" because they submitted the unnotarized affirmation of Neal D. Frishberg, the former sole practitioner operating as the plaintiff Law Offices of Neal D. Frishberg, and a current member of the plaintiff Fabricant Lipman & Frishberg, PLLC.

When an attorney is a party to an action, and affidavits are required to support or oppose a request for relief, that attorney may not rely upon an unnotarized affirmation in lieu of an affidavit, as the facts alleged in that affirmation would not be in admissible form (see CPLR 2106; Schwartz v Sayah, 83 AD3d 926, 927 [2011]; Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire, 82 AD3d 586 [2011]; Lessoff v 26 Ct. St. Assoc., LLC, 58 AD3d 610, 611 [2009]; Muniz v Katlowitz, 49 AD3d 511, 513 [2008]). However, contrary to the Supreme Court's determination, Frishberg's submission of an unnotarized affirmation in lieu of an affidavit in opposition to the Ziobro defendants' motion to dismiss the complaint insofar as asserted against them did not warrant the granting of that motion. "CPLR 3211 allows [a] plaintiff to submit affidavits, but it does not oblige him [or her] to do so on penalty of dismissal" (Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]). Accordingly, Frishberg's failure to submit an affidavit was not fatal to his opposition, and the Supreme Court should not have granted the Ziobro defendants' motion to dismiss the complaint insofar as asserted against them on that basis.

In light of our determination, we remit the matter to the Supreme Court, Orange County, for a determination, on the merits, of the Ziobro defendants' motion to dismiss the complaint insofar as asserted against them.

The appeal from so much of the order dated June 9, 2011, as denied that branch of the plaintiffs' motion which was for leave to reargue their opposition to the Ziobro defendants' motion to dismiss the complaint must be dismissed, as no appeal lies from an order denying reargument (see Matter of Braver v Silberman, 90 AD3d 654, 656 [2011]). The appeal from so much of the order dated June 9, 2011, as denied that branch of the motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order dated

March 22, 2011 (see *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 850 [2012]; *DeGroof v Milhorat*, 95 AD3d 818 [2012]). Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.