■ In the Matter of DINA EHRLICH, Respondent, v DAVID WOLF et al., Appellants. [8 NYS3d 134]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 6, 2013, which granted petitioner's motion to disqualify respondent Michael Wimpfheimer, Esq., from

acting as trial counsel for co-respondent David Wolf in this action, unanimously affirmed, without costs.

The motion court providently exercised its discretion in granting petitioner's disqualification motion. Petitioner demonstrated that Wimpfheimer is "likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]). Petitioner estate alleges, among other things, that respondent Wolf withdrew $65,000 from an account he held jointly with the estate's decedent, after he entered into a written agreement, signed on his behalf by Wimpfheimer, pursuant to which he agreed to turn over to the estate the funds remaining in the account after he made certain agreed upon payments. Since Wolf has asserted as a defense that he was unaware of that agreement, Wimpfheimer has become a significant witness concerning the negotiation of the agreement and whether he had actual or apparent authority to enter into the agreement on behalf of Wolf (*see Tatalovic v Nightlife Enters., L.P.*, 69 AD3d 439 [1st Dept 2010]; *Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire*, 82 AD3d 586 [1st Dept 2011]). We note that Wimpfheimer's testimony is likely to be prejudicial to Wolf, unless he testifies that he acted without his client's knowledge or authority in entering into the agreement (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [b]).

Appellants' assertion that Wimpfheimer cannot testify in the matter because Wolf would invoke the attorney-client privilege is without merit. Wolf waived the privilege by affirmatively placing the subject matter of his privileged communications (or lack thereof) concerning the agreement at issue in this litigation, "so that invasion of the privilege is required to determine the validity" of his defense, and "application of the privilege would deprive the adversary of vital information" (*Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 63 [1st Dept 2007]). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.