(April 28, 2015)

■ The People of the State of New York, Respondent, v Melvin Davis, Appellant. [9 NYS3d 23]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered January 15, 2013, convicting defendant, after a jury trial, of four counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

Defendant's claim that the evidence was legally insufficient to convict him of second-degree criminal possession of a forged instrument is unpreserved, and we decline to review it in the interest of justice. As an alternate holding, we reject the claim on the merits. The evidence was legally sufficient to support the convictions of second-degree criminal possession of a forged instrument under Penal Law § 170.25, which requires proof of possession of a forged instrument of a kind specified in Penal Law § 170.10. The counterfeit sporting event tickets in defendant's possession constituted instruments that "evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status" (Penal Law § 170.10 [1]; *see People v Lewis*, 50 AD3d 595 [1st Dept 2008]). A ticket to an event is the actual instrument, and normally the sole document, that grants the bearer a license to attend the event.

The court properly exercised its discretion in receiving evidence of defendant's convictions for prior similar crimes, because its probative value outweighed its potential for prejudice, which the court minimized by way of thorough limiting instructions. Given the defense theory that defendant had no knowledge that the tickets he possessed were counterfeit, evidence of defendant's prior convictions for possessing counterfeit tickets was highly probative of his intent and absence of mistake (*see People v Alvino*, 71 NY2d 233, 242 [1987]). We do not find that the quantity of evidence admitted was excessive. It was clear from the outset of the trial that, regardless of what evidence the People introduced, the principal, if not the only issue in the case would be whether defendant knew the tickets were forgeries.

Although, at a charge conference, defense counsel raised some concerns about the court's anticipated interested witness charge, his remarks were insufficiently specific to preserve the arguments defendant makes on appeal (*see People v Wilson*, 93 AD3d 483, 484 [1st Dept 2012], *lv denied* 19 NY3d 978 [2012]), and we decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits. The court's interested witness instruction was not constitutionally deficient in any respect (*see People v Blake*, 39 AD3d 402, 403 [1st Dept 2007], *lv denied* 9 NY3d 873 [2007]; *see also Reagan v United States*, 157 US 301, 305-311 [1895]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ.