◼ In the Matter of TERRACE VIEW ESTATES HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v BATES DRIVE CONDOMINIUM III et al., Respondents. [10 NYS3d 142]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 6, 2012, the petitioners appeal from (1) an order of the Supreme Court, Rockland County (Walsh, J.), dated June 25, 2013, and (2) a judgment of the same court, dated October 10, 2013, which, upon the order, vacated the arbitration award, denied the petition, and dismissed the proceeding.

Motion by the respondents, inter alia, to dismiss the appeal from the order. By decision and order on motion of this Court dated July 16, 2014, that branch of the motion which is to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal from the order is granted; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In an arbitration award dated November 6, 2012, Rabbi Avraham Yitzchak Bronshtein awarded the petitioners the right to build a community center on land that was owned by the unit owners of Bates Drive Condominium III (hereinafter Bates) as tenants in common. The petitioners subsequently commenced this proceeding to confirm the award, and the respondents, including Bates, asserted counterclaims to vacate the award.

The Supreme Court properly vacated the arbitration award, denied the petition, and dismissed the proceeding on the ground that the arbitrator exceeded his power in making the award (*see* CPLR 7510, 7511 [b] [1] [iii]). It is undisputed that at least one of the unit owners of Bates was not a party to the arbitration agreement, did not agree to be bound by the arbitrator's determination, and did not participate in the arbitration proceedings. As such, the award deprived that owner of his property rights without due process, necessitating the vacatur of the award (*see Matter of Braver v Silberman*, 90 AD3d 654, 656 [2011]; *Matter of Hirsch v Hirsch*, 4 AD3d 451, 453 [2004]; *Levovitz v Yeshiva Beth Henoch*, 120 AD2d 289, 296 [1986]).

In light of our determination, we need not reach the petitioners' remaining contentions. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.