■ ANDERSON & ANDERSON LLP—GUANGZHOU et al., Appellants, v NORTH AMERICAN FOREIGN TRADING CORP., Respondent. [31 NYS3d 60]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 23, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion to disqualify David Buxbaum, Esq., and Anderson & Anderson LLP from representing plaintiffs, unanimously affirmed, with costs, without prejudice to Anderson & Anderson LLP's making a motion for renewal (if so advised) on the ground that it is now a party.

This fee dispute arises out of (1) a 2005 retainer agreement between defendant (the former client) and plaintiff Guangdong Huatu Law Firm (Huatu) and (2) a 2009 supplementary agree-

ment among defendant, plaintiffs Huatu and Beijing Kaiming Law Offices, and former nonparty (now a plaintiff) Anderson & Anderson LLP. The second amended complaint, which was the operative pleading at the time defendant made its disqualification motion, named "Anderson & Anderson LLP—Guangzhou" as a plaintiff.

Defendant submitted affirmations—which were not rebutted by plaintiffs on the relevant motion—saying it believed that "Anderson & Anderson LLP" and "Anderson & Anderson LLP—Guangzhou" were the same until plaintiffs' brief on their summary judgment motion, which clarified that the two were separate legal entities. After defendant realized that Anderson & Anderson LLP—Guangzhou was not acting pro se, it moved to disqualify Anderson & Anderson LLP and Buxbaum (the Anderson attorney handling the instant case for plaintiffs). Because defendant acted promptly after the facts changed, the branch of its motion based on Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.9 is timely (*see Credit Index v RiskWise Intl.*, 192 Misc 2d 755, 766 [Sup Ct, NY County 2002], *affd* 296 AD2d 318 [1st Dept 2002]). The branch of its motion based on rule 3.7 (the advocate-witness rule) is not subject to laches (*see Grossman v Commercial Capital Corp.*, 59 AD2d 850 [1st Dept 1977]).

In their appellate reply brief, plaintiffs contend for the first time that Buxbaum did not represent defendant because he is a party to neither the 2005 agreement nor the 2009 agreement. This argument is untimely (*see e.g. Shia v McFarlane*, 46 AD3d 320, 321 [1st Dept 2007]). Were we to consider it, we would find it unavailing. Although the 2005 agreement is between defendant and Huatu, it says that (a) defendant entrusted Huatu's attorneys as agents for enforcing its arbitral award in China and (b) Huatu appointed Buxbaum as one of the agents to handle the case. The supplementary agreement also recognized that Buxbaum would act on behalf of defendant and would conduct the entrusted work.

The motion court providently exercised its discretion (*see e.g. Matter of Ehrlich v Wolf*, 127 AD3d 613, 614 [1st Dept 2015], *lv dismissed* 26 NY3d 1114 [Feb. 11, 2016]) by disqualifying Buxbaum and Anderson & Anderson LLP pursuant to rule 1.9 (conflict between former client [defendant] and current clients [plaintiffs]). The former representation (enforcement of defendant's arbitral award against a nonparty in China) and the present litigation (plaintiffs' entitlement to fees for the work done in China) are substantially related (*see e.g. Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 135 [1996]; *Credit Index*, 296

AD2d at 318; *Forest Park Assoc. Ltd. Partnership v Kraus*, 175 AD2d 60, 61-62 [1st Dept 1991]).

Since the court properly disqualified Buxbaum and Anderson & Anderson LLP under rule 1.9, it is unnecessary to decide whether the court (1) properly disqualified Buxbaum pursuant to rule 3.7 (a) and (2) also should have disqualified Anderson & Anderson LLP pursuant to rule 3.7 (b). Were we to reach those issues, we would find that the court's decision was a proper exercise of its discretion (*see e.g. Ehrlich*, 127 AD3d 614 [court disqualified lawyer who had become a significant witness concerning the negotiation of the agreement at issue in the case]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.