■ Hoyt David Morgan, Respondent, v Worldview Entertainment Holdings, Inc., et al., Defendants, and Worldview Entertainment Partners VII, LLC, et al., Appellants. [36 NYS3d 633]—

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 3, 2015, which, to the extent appealed from, denied defendants Molly Conners's and Maria Cestone's motions to dismiss the complaint as against them, and continued the temporary restraining order prohibiting defendant Worldview Entertainment Partners VII (Partners VII) from transferring any assets to the extent of $2.7 million, unanimously modified, on the law, to grant Conners's and Cestone's (together the individual defendants) motions to dismiss the tortious interference with contract cause of action as against them, and otherwise affirmed, without costs. Orders, same court and Justice, entered May 14, 2015, which granted orders of attachment of the property of Partners VII in the amount of $2.7 million, unanimously affirmed, without costs.

Plaintiff was the chief financial officer of defendant Worldview Entertainment Holdings Inc. (Worldview Inc.), a movie production company wholly owned by defendant Worldview Entertainment Holdings LLC (Worldview LLC). When his employment with Worldview Inc. was terminated, plaintiff and Worldview Inc.'s then chief executive officer, Christopher Woodrow, signed a separation agreement (the agreement). Plaintiff alleges that Worldview Inc. failed to pay him the monies and other consideration owed to him pursuant to the agreement.

The motion court providently exercised its discretion in granting the orders of attachment of the property of Partners VII (*see VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 59 [1st Dept 2013]). Plaintiff's allegations that Partners VII, a nondomiciliary (*see* CPLR 6201 [1]), was the only investment vehicle producing revenue for defendants and that it would receive funds from the film's distributor and distribute them to investors no later than 90 days thereafter are sufficient to establish an identifiable risk, based on Partners VII's financial position (*see General Textile Print. & Processing Corp. v Expromtorg Intl. Corp.*, 862 F Supp 1070, 1073 [SD NY 1994]). The amount of the attachment is supported by evidence of the value of plaintiff's recoupment and the value of his credit as an executive producer on the film *Birdman*.

The complaint and supporting documentary evidence are sufficient to demonstrate, for purposes of the attachment, that Woodrow was authorized to bind Worldview Inc.'s "affiliates" to the agreement and that Partners VII was an "affiliate" within the meaning of the agreement (*see Credit Index v RiskWise Intl.*, 192 Misc 2d 755, 760 [Sup Ct, NY County 2002], *affd* 296 AD2d 318 [1st Dept 2002]).

The complaint adequately alleges a cause of action for breach of contract against the individual defendants under the theory that they are "affiliates" of Worldview Inc. (see *Wachter v Kim*, 82 AD3d 658, 662 [1st Dept 2011]). The term "affiliates" is not defined within the agreement, and neither its meaning, nor whether the parties intended for the individual defendants to be bound under the agreement, can be discerned on this pre-answer motion to dismiss (*id.*).

However, the cause of action for tortious interference with contract fails as against the individual defendants, since the complaint does not even allege "either malice on the one hand, or fraudulent or illegal means on the other" (*Foster v Churchill*, 87 NY2d 744, 750 [1996]) so as to defeat the defense of economic justification (*id.*; see *Hoag v Chancellor, Inc.*, 246 AD2d 224, 227 [1st Dept 1998]; see also E.F. Hutton Intl. Assoc. v Shearson Lehman Bros. Holdings, 281 AD2d 362, 362 [1st Dept 2001], *lv denied* 97 NY2d 603 [2001]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.