Morgan v Worldview Entertainment Holdings, Inc. (2019 NY Slip Op 01830)





Morgan v Worldview Entertainment Holdings, Inc.


2019 NY Slip Op 01830


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


652323/14 -595472/16 8702 595475/16 8701 8700

[*1]Hoyt David Morgan, Plaintiff,
v
Worldview Entertainment Holdings, Inc., et al., Defendants.
Worldview Entertainment Holdings, Inc., Third-Party Plaintiff, Worldview Entertainment Holdings LLC, et al., Third-Party Plaintiffs-Appellants,
v
Goetz Fitzpatrick LLP, et al., Third-Party Defendants-Respondents, Christopher Woodrow, Third-Party Defendant.
Maria Cestone, Second Third-Party Plaintiff-Appellant,
v
Goetz Fitzpatrick LLP, et al., Second Third-Party Defendants-Respondents, Christopher Woodrow, Second Third-Party Defendant.
Hoyt David Morgan, Plaintiff,
v
Worldview Entertainment Holdings, Inc., et al., Defendants.
Worldview Entertainment Holdings, Inc., et al., Third-Party Plaintiffs-Appellants,
v
Goetz Fitzpatrick LLP, et al., [*2] Third-Party Defendants, Christopher Woodrow, Third-Party Defendant-Respondent.
Maria Cestone, Second Third-Party Plaintiff-Appellant,
v
Goetz Fitzpatrick LLP, et al., Second Third-Party Defendants, Christopher Woodrow, Second Third-Party Defendant-Respondent.


Quinn McCabe LLP, New York (Simon Block of counsel), for Worldview Entertainment Holdings, Inc., Worldview Entertainment Holdings LLC, Worldview Entertainment Partners VII, LLC and Molly Conners, appellants.
Schenck, Price, Smith & King LLP, New York (Ryder T. Ulon of counsel), for Maria Cestone, appellant.
Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for Goetz Fitzpatrick LLP and Aaron Boyajian, respondents.
Pinnisi & Anderson, Ithaca (Michael D. Pinnisi of counsel), for Christopher Woodrow, respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 27, 2017, which granted third-party and second third-party defendants Goetz Fitzpatrick LLP and Aaron Boyajian, Esq.'s (the Goetz Defendants) motion to dismiss the third-party and second third-party complaints as against them pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to deny the motion as to so much of the malpractice claims as is based on the Goetz Defendants' inclusion of "its parents, successors, predecessors, divisions, affiliates, and assigns," without defining "affiliates," in the separation agreement entered into by plaintiff and defendant/third-party plaintiff Worldview Entertainment Holdings Inc., and otherwise affirmed, without costs. Order, same court and Justice, entered on or about August 16, 2017, which granted third-party defendant Christopher Woodrow's motion to dismiss the third-party complaint as against him pursuant to CPLR 3211(a)(7), unanimously modified, on the law, to deny the motion as to the fourth cause of action for breach of fiduciary duty, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about August 16, 2017, which granted Woodrow's motion to dismiss the second third-party complaint as against him pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
As noted in our decision on the prior appeal (Morgan v Worldview Entertainment Holdings, Inc., 141 AD3d 461 [1st Dept 2016]), plaintiff was the chief financial officer of defendant/third-party plaintiff Worldview Entertainment Holdings Inc. (Worldview Inc.), a movie production company wholly owned by defendant/third-party plaintiff Worldview Entertainment Holdings LLC (Holdings LLC). When his employment was terminated, plaintiff and Worldview Inc.'s then chief executive officer, third-party and second third-party defendant Christopher Woodrow, signed a separation agreement (the contract).
The contract, which was drafted by the Goetz Defendants, begins, "WORLDVIEW . . . INC.[,] its parents, successors, predecessors, divisions, affiliates, and assigns (collectively hereinafter referred to as Worldview' or the Company') and
. . . MORGAN, his heirs, executors, administrators, and assigns (hereinafter referred to as Employee'), agree . . ." (boldface omitted). The document does not define "affiliates."
Worldview Inc.'s business model was to set up a separate company for each movie in which it invested. For example, defendant/third-party plaintiff Worldview Entertainment Partners VII LLC (Partners VII) provided funding for the film Birdman. Plaintiff, who in addition to being an employee of Worldview Inc. invested money in various Worldview films, did not invest in Partners VII.
In the contract, the Company agreed to give plaintiff executive producer credit for various films, including Birdman. It also guaranteed to return any nonrecouped principal as of May 31, 2014. When Worldview Inc. failed to comply with these provisions, plaintiff sued not only Worldview Inc., but also (as relevant to this appeal) Holdings LLC, Partners VII, third-party plaintiff Molly Conners, and second third-party plaintiff (Cestone). Plaintiff obtained an attachment against Partners VII in the amount of $2.7 million (see 141 AD3d at 462).
Conners and Cestone moved to dismiss the claims against them. We affirmed the denial of their motion to dismiss plaintiff's breach of contract claim, on the ground that the term "affiliates" was not defined within the contract and that neither its meaning nor whether the parties intended to bind Conners and Cestone under the contract could be determined on a pre-answer motion (id. at 463).
Third-party plaintiffs and Cestone then sued the Goetz Defendants for malpractice and breach of fiduciary duty and the Goetz Defendants and Woodrow for common-law indemnity. Third-party plaintiff Partners VII sued Woodrow for negligence and breach of fiduciary duty.
On appeal, Holdings LLC, Partners VII, Conners, and Cestone (appellants) argue that the Goetz Defendants were negligent in failing to investigate Woodrow's authority to enter into the agreement on their (appellants') behalf. However, they did not plead this claim. In any event, the Goetz Defendants had no duty to inquire into Woodrow's authority to act on behalf of Holdings LLC and Partners VII (see Goldston v Bandwidth Tech. Corp., 52 AD3d 360, 363 [1st Dept 2008], lv denied 14 NY3d 703 [2010]).
Appellants' allegation that the Goetz Defendants were negligent in making them obligors under the contract states a cause of action (see Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman LLP, 110 AD3d 426, 426-427 [1st Dept 2013]). It is premature to determine on this pre-answer motion to dismiss whether it was reasonable for the Goetz Defendants to include Worldview Inc.'s "parents, successors, predecessors, divisions, affiliates, and assigns" in the contract, especially without defining "affiliate" (see Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437, 439 [1st Dept 2010]).
The Goetz Defendants contend that appellants' malpractice claims fail due to lack of privity. The third-party complaint alleges that the Goetz Defendants represented Holdings LLC and Partners VII. Boyajian denied that the Goetz Defendants represented Cestone and said that the matters on which they represented Conners were unrelated to the issues raised in the main and third-party actions. By contrast, he made no such denials or qualifications about Holdings LLC and Partners VII. Thus, Boyajian's affidavit does not establish conclusively that the Goetz Defendants had no attorney-client relationship with Holdings LLC and Partners VII (see Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). As for Conners and Cestone, the "special circumstances" exception to the privity rule applies (see Deep Woods Holdings LLC v Pryor Cashman LLP, 145 AD3d 447, 449-450 [1st Dept 2016]).
The motion court correctly dismissed the fiduciary duty claims against the Goetz Defendants as duplicative of the previously dismissed malpractice claims (see e.g. Murray Hill Invs. v Parker Chapin Flattau & Klimpl, 305 AD2d 228, 229 [1st Dept 2003]).
Dismissal of the indemnification claim against the Goetz Defendants was also correct. Under New York law, the gravamen of an indemnity claim is that the third-party plaintiff and third-party defendant both owe a duty to the plaintiff and that, because of the third-party defendant's negligence or wrongful conduct, the third-party plaintiff has been held legally liable
and cast in damages to the plaintiff (see City of New York v Lead Indus. Assn., 222 AD2d 119, 126-127 [1st Dept 1996]). The Goetz Defendants owed no duty to plaintiff.
Woodrow contends that Partners VII waived its negligence and fiduciary claims. However, Partners VII's operating agreement shows that its members — not Partners VII itself — waived those claims.
Woodrow contends that the claims against him are governed by Delaware law because Partners VII is a limited liability company that is managed by Worldview Inc., a Delaware corporation. However, as he has not shown an actual conflict between New York and Delaware regarding negligence (on the contrary, he says they are similar), New York law, the law of the forum, should apply (see SNS Bank v Citibank, 7 AD3d 352, 354 [1st Dept 2004]). In any event, it would not be anomalous to apply New York law; Partners VII's and Worldview Inc.'s place of business was New York during the relevant time frame.
The third cause of action in the third-party complaint (by Partners VII against Woodrow for negligence) was correctly dismissed, because it is, in essence, a contract claim rather than a tort claim (see Sommer v Federal Signal Corp., 79 NY2d 540, 552 [1992]). But for two contractual relationships — Partners VII's operating agreement, which made Worldview Inc. Partners VII's manager, and Worldview Inc.'s employment of Woodrow — Woodrow would have no relationship with Partners VII. Partners VII's injury "was not personal injury or property damage; there was no abrupt, cataclysmic occurrence" (id.).
Woodrow may have shown that New York and Delaware differ somewhat regarding breach of fiduciary duty. New York precedent states that determining whether a fiduciary relationship exists requires a fact-specific inquiry (see e.g. Roni LLC v Arfa, 18 NY3d 846, 848 [2011]). By contrast, Delaware does not hesitate to dismiss a fiduciary duty claim (see Feeley v NHAOCG, LLC, 62 A3d 649, 672 [Del Ch 2012]). Woodrow was arguably Worldview Inc.'s "controller" at the time of the agreement with plaintiff, because Woodrow was Worldview Inc.'s CEO at that time. Therefore, he can be held liable if he used his control over Partners VII's property to advantage Worldview Inc. at Partners VII's expense (id. at 671-672). The fourth cause of action in the third-party complaint alleges that Woodrow made Partners VII liable for Worldview Inc.'s obligations to plaintiff, even though plaintiff had never invested in Partners VII.
Regardless of whether New York or Delaware law applies, the business judgment rule does not protect Woodrow (see Amfesco Indus. v Greenblatt, 172 AD2d 261, 264 [1st Dept 1991]; Brehm v Eisner, 746 A2d 244, 264 n 66 [Del 2000]). Partners VII alleges that making it an obligor under the agreement "served no rational purpose in connection with the business of Partners VII, and in fact was adverse to the interests thereof."
Woodrow has not shown that New York and Delaware differ regarding the substance of indemnification; hence, New York law applies (see SNS, 7 AD3d at 354). As noted earlier, New York law requires both the third-party plaintiff and the third-party defendant to owe a duty to the plaintiff. Woodrow owed no duty to plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK