S.G. v New York City Health & Hosps. Corp. (2026 NY Slip Op 00068)

S.G. v New York City Health & Hosps. Corp.

2026 NY Slip Op 00068

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 805036/21|Appeal No. 5547|Case No. 2024-05140|

[*1]S.G., an Infant by his Mother and Natural Guardian Ester G., Plaintiffs-Appellants,
vThe New York City Health & Hospitals Corporation et al., Defendants-Respondents, Dr. Sol Lee et al., Defendants.

Law Office of Herschel Kulefsky, New York (Ephrem J. Wertenteil of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about July 12, 2024, which, to the extent appealed as limited by the briefs, denied plaintiffs' motion pursuant to CPLR 2221 to renew their prior motion, decided by order dated May 24, 2022, for a default judgment with respect to defendant Dr. Glen Shanock, implicitly granted renewal with respect to defendants The New York City Health & Hospitals Corporation and Bellevue Hospital Center (collectively HHC), but adhered to the prior order denying the motion for a default judgment as against HHC, and granted HHC and Shanock leave pursuant to CPLR 3012(d) to serve a late answer, unanimously affirmed, without costs.
Whether the court should have entertained plaintiffs' motion for a default judgment with respect to Shanock based on completion of service on him is immaterial, because we find that it properly determined that Shanock was entitled to submit a late answer. Preliminarily, we note that Shanock's submission of an affirmation, instead of an affidavit, to present his reasonable excuse for not answering the complaint, was a mere technical procedural irregularity which can be disregarded (see CPLR 2001; 2101[f]; Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire, 82 AD3d 586, 586-587 [1st Dept 2011]). In any event, plaintiffs waived any objection to the form of the submission by failing to return it to Shanock within 15 days of receipt (see CPLR 2101[f]; Status Gen. Dev., Inc. v 501 Broadway Partners, LLC, 163 AD3d 740, 741 [2d Dept 2018]). Further, to the extent Shanock was required to cure the defect, he did so by ultimately serving an affidavit, which the court had discretion to accept pursuant to CPLR 2001.
Even if Shanock's excuse for his delay in answering can be characterized as "questionable . . . , other factors militate in favor of granting his motion to compel late acceptance of an answer" (Gordon Law Firm, P.C. v Premier DNA Corp., 205 AD3d 416, 417 [1st Dept 2022]). First, "there has been no showing of prejudice to plaintiff arising from the delay" (id.). Further, Shanock, through his own affidavit and through an expert affidavit which squarely addressed the opinion of plaintiffs' own expert, demonstrated a potential meritorious defense to the allegation that the dental treatment rendered to the infant plaintiff fell below the relevant standard of care (cf. Emigrant Bank v Rosabianca, 156 AD3d 468, 474 [1st Dept 2017]). Moreover, public policy favors resolution of cases on their merits (Matter of Thomas Anthony Holdings LLC v Goodbody, 210 AD3d 547, 547 [1st Dept 2022]). The same factors apply to HHC, which had a stronger excuse for its default than Shanock.
We have considered plaintiffs' additional contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026